### J. B. LEWRIGHT v. R. M. LOVE, COMPTROLLER.

Motion No. 902. Decided January 13, 1902.

**1.—Comptroller—Taxes—Suit—Mandamus.**

The Comptroller, though charged by law (Revised Statutes, article 5049, subdivision 42) with the collection of the tax on gross receipts of railways for passenger travel, is not required to bring suit therefor; suits to collect debts due the State must, as a rule, be brought in its name by the Attorney-General. (P. 159.)

**2.—Mandamus—Public Officer—Suit.**

The duty to bring suit in the name of the State, though imposed by law on

a public officer, involves the exercise of a discretion on his part which will not be controlled by mandamus. (Pp. 159, 160.)

3.—Same.

A private person can not maintain a proceeding to compel, by mandamus, a public officer to enforce a duty solely due to the government as such, as the payment of taxes. (P. 160.)

Motion for leave to file a petition for writ of mandamus requiring the Comptroller to institute suit for taxes alleged to be due the State from the International & Great Northern Railroad Company.

*J. B. Lewright,* for himself.—Your petitioner is entitled to maintain this suit in his private capacity, solely on the ground that he is a citizen of Texas and as such interested in common with other citizens of this State in the due enforcement of all laws of the State.    See Kimberley v. Morris, 87 Texas, 637; Kimberley v. Morris, 31 S. W. Rep., 813; Railway v. Hall, 91 U. S., 343; Sansom v. Mercer, 68 Texas, 488; Morris v. State, 62 Texas, 734; State v. Board of Education (Mo.), 35 S. W. Rep., 619; Harris v. State, 34 S. W. Rep., 1019; State v. Francis, 95 Mo., 44; Wampler v. State, 38 Law. Rep. Ann., 834; Sterling v. Regent, 34 Law. Rep. Ann., 152; People v. Board, 21 N. E. Rep., 191; Railway v. State, 13 So. Rep., 103; Decatur County v. State, 86 Ind., 8; State v. Doyle, 40 Wis., 175; Currier v. Railway, 48 N. H., 325; High's Ex. Legal Remedies, sec. 431; Merrill on Mandamus, sec. 230; 14 Am. & Eng. Enc. of Law, 218.

Even if this court should hold that petitioner can not maintain this suit merely as a citizen of Texas, still he is legally entitled to prosecute same in his capacity as a taxpayer, under the allegations contained in his petition herein.    By the great weight of authority it would appear to be settled law that a taxpayer, who is paying taxes on the full value of all of his property, can not secure a reduction of his taxes on the ground that other taxpayers are not required by the tax officials to pay taxes on the true value of their property, nor can he prove a custom by way of justification of taxation on any basis other than the full value of the property taxed.    The sole remedy of such taxpayer seems to be by way of mandamus to force the due assessment and taxation of other property either omitted entirely or willfully undervalued for taxation.    Engelke v. Schlenker, 75 Texas, 559; Rosenberg v. Weekes, 67 Texas, 583; Lowell v. Commrs., 9 Law. Rep. Ann., 356; Railway v. Kentucky, 49 S. W. Rep., 486, and cases cited; Altgelt v. San Antonio, 17 S. W. Rep., 75.

That any taxpayer may maintain such a suit as this, see:  Morris v. Cummings, 91 Texas, 618; Hyatt v. Allen, 54 Cal., 353; State v. Archibald, 43 Minn., 328; Meyer v. San Diego, 41 Law. Rep. Ann., 762; Davenport v. Buffington, 46 Law. Rep. Ann., 377; Crampton v. Zabriskie, 101 U. S., 601; Robinson v. Detroit, 107 Mich., 168; Cooley on Tax., 2 ed., 764, et seq.

GAINES, CHIEF JUSTICE.—This a motion for leave to file a petition for a writ of mandamus against the Comptroller of the State to compel him to institute a suit against the International & Great Northern Railroad Company to recover taxes alleged to be due the State upon the gross passenger earnings of a certain line of its road for the series of years extending from 1879 to 1900.

The allegations of the petition, in brief, are that the relator is a citizen and taxpayer of the State; that the respondent is the Comptroller; that the International & Great Northern Railroad Company is indebted to the State for taxes upon its gross passenger earnings for the years mentioned above, and that such taxes have never been paid; that the relator has demanded of the Comptroller that he bring suit for the recovery thereof and that the latter, while admitting the facts alleged, has refused to comply with the demand.

We are clearly of the opinion, for more reasons than one, that the writ of mandamus can not be awarded, and that therefore the motion to file the petition should be overruled.

We will state briefly the grounds for our conclusion.

1. The statute relied upon to show the Comptroller's duty in the premises is subdivision 42 of article 5049 of the Revised Statutes, and reads as follows: "From every person, firm, or association of persons owning or running any railroad cars or steamboats in this state, there shall be collected quarterly, on the first day of January, April, July, and October of each year, a tax of one per cent on their gross receipts from all their passenger travel within this State. The said gross receipts to be returned under oath by said owner, agents, or manager to the Comptroller, and said tax to be collected by said Comptroller under such regulations as he may prescribe; provided, that nothing herein contained shall authorize the levy of any county or municipal tax upon such person, firm or association of persons." This article clearly makes it the duty of the Comptroller to collect the tax upon the gross passenger earnings of railroad companies, but does it make it his duty to bring a suit therefor? We think not. Our Constitution does not require that the Comptroller of the State shall be learned in the law. Hence it is clear to our minds that the Legislature did not require that officer to bring suits. Suits to collect debts due the State must, as a rule, be brought in the name of the State and by its principal law officer, the Attorney-General, or by some other law officer whose duty it is to represent the State in legal proceedings and who may be authorized by statute to sue for it in the particular class of cases.

2. In the case of Lewright v. The Attorney-General, 94 Texas, 556, we held that the Attorney-General could not be compelled by the writ of mandamus to bring suit to forfeit the charter of a private corporation although the statute declared it his duty to institute suit in such cases. The rule applies more strongly to the Comptroller and is con-

clusive of the question of the right to the writ of mandamus which is sought in this case.

3. In the case of Kimberly v. Morris, 87 Texas, 637, the rule announced in Railway v. Hall (97 United States, 343), "that private persons may move for a mandamus to enforce a public duty not due to the government as such, without the intervention of the government law officer," was quoted with approval. However, it was not there held that where the duty which is sought to be enforced is solely due to the government as such, a private relator could not maintain the action. A decision of the question was not necessary to a determination of the points certified in that case. But in the case of Harrell v. Lynch, 65 Texas, 146, it was held that the voters in a county, though their property rights may be affected, have no such interest in a county seat as to entitle them to enjoin its removal; and in Caruthers v. Harnett, 67 Texas, 127, it was decided that even the county treasurer did not have such interest in the proceeding as to enable him to maintain an action against the county judge and county commissioners to compel them to retransfer the county records to a county seat from which they had been taken. For a stronger reason, it should be held, as it seems to us, that a citizen of the State, though a taxpayer, can not maintain a suit to compel an officer to perform a function due merely to the government as such, and in which he can have no private interest whatever. There are some decisions which probably hold to the contrary, but we think the great weight of authority and the better reason supports the rule announced by us. We therefore conclude that if a suit of this character were maintainable against the Comptroller, the relator in the petition before us is not the proper party to bring it.

The motion to file the petition is overruled.