**BRICE et al. v. CITY OF DALLAS et al.**
(No. 10201.)

Court of Civil Appeals of Texas. Dallas.
Nov. 19, 1927.

Rehearing Denied Dec. 17, 1927.

1. **Injunction** ⊜⇒114(1)—In suit to enjoin prosecutions under alleged invalid ordinance, only "necessary parties" are those threatened and enforcing officers.

In suit to enjoin threatened prosecutions under alleged invalid penal ordinance governing segregation of white and colored races in city, only "necessary and proper parties" are those threatened with prosecution and those charged by law with duty of instituting prosecutions, so that those who would be damaged by judgment holding ordinance invalid are not necessary parties.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Necessary Parties.]

2. **Injunction** ⊜⇒114(1)—Rights of property owners within district restricted to white people by ordinance, must be guarded by city in suit to determine validity.

Owners of property in territory restricted to use of white people under ordinance, and who would be damaged if ordinance were held invalid, are members of public, whose interests and rights, in so far as they may be affected by ordinance, must be guarded and upheld by city and its public officials charged with such duty, in suit to enjoin threatened prosecutions under ordinance on ground that it was invalid.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Suit by Garner W. Brice and others against the City of Dallas and others, in which a plea of intervention and a cross-action was filed. From a judgment dismissing the suit, plaintiffs appeal. Reversed and remanded, with instructions.

W. J. Rutledge, Jr., of Dallas, for appellants.

J. J. Collins, City Atty., and Hugh S. Grady, W. Hughes Knight, and H. P. Kucera, Asst. City Attys., all of Dallas, for appellees.

JONES, C. J. Appellants Garner W. Brice, L. Glazer, and Walter B. Hunt brought an injunction suit in the district court of Dallas county to restrain appellees the city of Dallas and those officials of said city that constitute its governing body from enforcing, or attempting to enforce, an alleged invalid penal ordinance of the city of Dallas. They allege that they were threatened by appellees with immediate prosecution because of a violation of the terms of such ordinance, and that such ordinance is void, and cannot furnish the basis for a legal prosecution.

The ordinance in question is described by its caption to be:

"An ordinance governing the segregation of the white and colored races in the city of Dallas by the restriction of property to the use of either the white or colored races, by deed or other covenants or instruments, for residence purpose, and making it unlawful to make use of any such property so restricted in violation of such restriction, and ratifying and confirming all special ordinances heretofore passed, fully ratifying and confirming the restrictions herein, made with reference to the blocks herein mentioned, and declaring an emergency, and providing a penalty for the violations hereof."

The ordinance declares that it is based on a purported agreement between the owners of property in blocks Nos. 539 to 551, inclusive, 552 to 557, inclusive, and 561 to 564, inclusive, according to the official map of the city of Dallas, and restricts the use of the property in said blocks to white people. This purported agreement is ratified and confirmed by the governing body of the city of Dallas, and is ordered placed of record by the secretary of said city, together with the attached map of said property. A violation of the ordinance by any one is declared to be a breach of the peace, and such violator may be punished by fine in any sum not exceeding $100, and each day of violation is made a separate offense.

Appellants alleged their ownership of property in certain blocks of the restricted district, and show that their property is not suitable for, and cannot be rented to, white tenants, but is suitable for, and has always been rented to, negro tenants, and that, if the ordinance is enforced, they would suffer damages in excess of the sum of $25,000, and by proper allegations attack the validity of the ordinance. These allegations cover a number of typewritten pages, and on this hearing it is not deemed necessary to summarize them, except to say that they do attack the validity of the agreement on which the ordinance is based for failure of consideration.

A plea of intervention was filed by six persons, who also are appellees herein, and who own property within the restricted territory, alleging the validity of the said property agreement and the ordinance in question, and show the property damages that would result to them, if appellants should prevail in this suit. These interveners also filed a cross-action in which they ask for affirmative relief against appellants. Appellants excepted to the action of the court in permitting this intervention, and have duly assigned error on this appeal because of the ruling of the court in allowing the plea in intervention.

Appellees filed a plea in abatement for want of necessary parties, in that all parties to the restricted agreement (whose validity is attacked), upon which the ordinance purports to be based, are necessary parties to this suit. The court sustained the plea in abatement, and, on appellees' refusal to make all parties to the agreement, approximately 150 in number, parties defendant, dismissed the suit. Error was duly assigned on this action of the court.

There are but two questions raised on this appeal, Did the court err in allowing the plea of intervention? and, Did the court err in sustaining the plea in abatement and dismissing the suit?

[1, 2] In a suit to enjoin threatened prosecutions under an alleged invalid penal ordinance, manifestly the only necessary and proper parties are those who are threatened with the unlawful prosecution and those charged by the law with the duty of instituting, or causing to be instituted, such prosecutions. In the instant case, the plaintiffs are threatened with immediate prosecution under an alleged invalid ordinance. The city of Dallas and her officers, charged with the duty of enforcing her penal ordinances, are made defendants because of the threat of such prosecution and the loss which would thereby result to appellants. The fact that, in determining the validity of the ordinance in question, it might be necessary, as an incidental matter, to determine the validity of the alleged property agreement upon which the ordinance is based, does not change this rule as to parties. Appellants have the right to have the validity of the ordinance determined, without regard as to how such determination might affect other parties who may believe they would be benefited by a judgment upholding its validity. The ordinance is not private, but public in its nature. The interveners and the other signers of the purported agreement are members of the public whose interests and rights, in so far as they may be affected by this ordinance, must be guarded and upheld by the city and its public officials charged by law with such duty.

We therefore hold that the court erred in permitting the intervention and in sustaining the plea in abatement, and reverse and remand this case to be reinstated by the trial court for the purpose of determining the issues involved.

Reversed and remanded, with instructions.