## CITY OF DALLAS et al. v. BRICE et al.
### (Nos. 1130–5070.)

Commission of Appeals of Texas, Section A.
Jan. 9, 1929.

James J. Collins, Hugh S. Grady, W. Hughes Knight, and H. P. Kucera, all of Dallas, for plaintiffs in error.

W. J. Rutledge, Jr., of Dallas, for defendants in error.

C. A. Leddy, of Dallas, for interveners.

NICKELS, J. Brice et al. sued the city of Dallas and Burt, mayor, and Moss, Parker, Reinhart, and Davis, commissioners. Plaintiffs seek recovery of actual damages in the sum of $25,000 and exemplary damages in the sum of $50,000. Basis of actual damages, as alleged, is depreciation of property rights in, and appurtenant to, certain lots in the city by and through enactment and enforcement (actual and threatened) of an ordinance

whose violation is denounced as crime punishable by fine, etc. Conscious usurpation of authority and reckless disregard of plaintiff's rights are charged in support of the claim for punitive damages. Inhibition of further enforcement of the ordinance is prayed, and injunction pendente lite is sought. A null character for the ordinance is, of course, alleged, and its nullity is put on various grounds inclusive (a) of contempt of due process generally and (b) a void character for the agreement (between property owners) mentioned in the ordinance as a reason for its enactment. And there is a prayer for such additional relief as may be found appropriate.

The case was given disposition in the trial court and in the Court of Civil Appeals (300 S. W. 970) on questions not touching constitutionality, or reverse, of the ordinance, and only questions there considered are now properly before the Supreme Court.

Preliminarily, it ought be said that questions of misjoinder of causes of action are not directly raised, and are raised at all only in so far as they may have incidence on the matters of nonjoinder and misjoinder of parties.

In the petition there is presented cause of action of double aspect or causes of action with supposed interrelationship. The questions exactly presented must be solved with that fact in mind.

■ And, first, in respect to attack upon the agreement itself. In so far as adjudication of its nullity is sought, each person who is party to the contract has litigable interest in the matter of the suit, and this in general because of the right to have integrity of his contract respected by all other parties to it, e. g., plaintiffs here (as privies, etc.). See Gen. Acc. F. & L. Assur. Corp. v. Butler's Ice Cream Factory, Inc. (Tex. Com. App.) 5 S.W.(2d) 976, 979. Expressed or implied adjudication of its nullity, as basis for adjudication of nullity in the ordinance itself, would attaint in a very practical way (though, maybe, not in a conclusive way) each of such persons' evidence of property rights. Pomeroy's Eq. Rem. vol. 1, § 4; 6 R. C. L. 1024. Such adjudication would be something more than a mere bothersome precedent. Hence, each such person is a proper party, and, perforce, the interveners may not be excluded so long as invalidity of the agreement itself is urged (in pleading) as a reason for invalidity of the ordinance.

■■ To the extent that cancellation of the agreement is sought, all persons signing it (at least all subject to jurisdiction of the court) are necessary parties. This is so, because a court administering equity may not deal out that injustice which would be the inevitable result of declaring (in a suit between strangers) a contract at an end. Such a judgment, of course, would be wholly inconclusive of rights; but its practical effect would require those interested in the contract to assume the burden of freeing it of the cloud cast by such a judgment. This burdening of the innocent is not a function of equity. In this aspect of the case, intervention of certain of the interested persons has, pro tanto, cured defect of parties. But there are others, it appears, who must be brought in before cancellation of the agreement may be decreed.

■■ There is a right of action pleaded which turns on invalidity of the ordinance with presumption of validity of the agreement itself. And in respect to this cause of action, the contracting parties as such are not necessary parties in the litigation. Their supposed interest (except that interest which attaches in virtue of citizenship) rests in the contract, and will neither be enlarged nor depreciated by a judgment upholding or destroying the ordinance, despite or on account of its observance of the "color line." City of Dallas v. Liberty Annex Corp. (Tex. Com. App.) 295 S. W. 591. It may be true that "interveners" and others likely situated will profit as a result of maintenance of the ordinance and continued exertion of the police power in its enforcement; that manner of profit may be the lot of any citizen in consequence of use of any governmental power. So, any citizen may suffer loss through absence of legislative power to enact a law on a given subject, through failure to use existent authority of enactment, through use of authority to amend or repeal an existing law, or through failure of the designated officers to enforce a law; yet he may not have judicial remedy to perpetuate his profits in the one case or to recoup his losses in the other. Cf. Ex Parte Towles, 48 Tex. 413, 429; Harrell v. Lynch, 65 Tex. 146, 151; Lewright v. Love, 95 Tex. 157, 160, 65 S. W. 1089; Staples v. State ex rel. King, 112 Tex. 61, 245 S. W. 639. There are many profits by way of grace alone; and there are many hurts of damnum absque character. The maxim, "there is a remedy for every wrong," must be understood as presupposing "a perfection in government that has not yet been reached." Ex parte Towles, supra.

Surely a man cannot have property rights in the enactment and continuation in existence of criminal laws; such justiciable rights as he may have (barring statutory grants) in the matter of their observance have illustration in abatement of conditions and restraint of acts in violation and amounting to nuisances. And rights (which inhere in citizenship) in enforcement or defense of the criminal laws must be left for protection to the officers and tribunals selected for the purpose. Staples v. State ex rel. King, supra.

As a matter of course, "interveners" and others of like class are not interested in the liability or in the immunity of the city and the other defendants in the matter of damages claimed. And their interest in that which

(disassociated with validity or not of the contract) may determine liability is the interest which all citizens in common have in maintaining acts done or proposed in exertion or color of the police power. Interveners, it is noticeable, are aligned with the defendants in complete opposition to plaintiffs, and those others, whose presence is claimed to be essential, would, if present, be given like alignment.

It results: (a) The trial court lacked authority to abate the suit in whole, since relief is prayed which may be granted in absence of the persons who were thought to be indispensable parties. The effect of their absence is preclusive of only a part of the relief sought by plaintiffs, i. e., cancellation of the agreement made by the property owners. (b) Interveners were properly allowed to come in and make themselves parties, because, first, they have justiciable interest in maintaining the agreement against the taint which would be cast upon it by an adjudication (directly or indirectly) of its invalidity as precedent to adjudication of the invalidity of the ordinance itself, and, second, because of their interest in preventing formal cancellation of the agreement.

And, if the issues tendered in the petition remain as they are, the "interveners" will continue to be proper parties, although relief may not in any event be granted in respect to cancellation of the agreement unless the other persons, held to be necessary parties, appear or be brought in.

The judgment of the Court of Civil Appeals, reversing and remanding the cause with instructions for reinstatement of the case in the District Court and orderly determination of the issues presented, is, in our opinion, correct notwithstanding that court's assignment of some untenable reasons, and we recommend its affirmance.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.