ORTIZ OIL CO., INC., v. RAILROAD COMMISSION.

No. 4526.

Court of Civil Appeals of Texas. Texarkana.

June 29, 1933.

Rehearing Denied July 3, 1933.

Fischer & Fischer and R. E. Prothro, all of Tyler, for appellant.

James V. Allred, Atty. Gen., and A. R. Stout, Willis E. Gresham, B. D. Shepperd, and Neal Powers, Asst. Attys. Gen., for appellee.

LEVY, Justice (after stating the case as above).

The principal question to be determined, as the ultimate end and object of the proceeding, is that of the appointment of a receiver on the application of the Railroad Commission of Texas, moving there-

for, to take over and operate the oil well in order for the enforcement of the orders and regulations of the Railroad Commission. There is no feature of relief or remedy afforded by the courts of a higher value than that of acting directly upon the person or property of the party who would deliberately violate his contracts or do an act wrongful in special circumstances. The appointment of a receiver is an important head of the preventive jurisdiction of courts of equity, being founded on the inadequacy of the remedy at law, although this remedy is now the subject of express statutory provision in certain class of cases. It becomes necessary to consider the nature and class of the present proceeding, and who may maintain it, in order to determine whether or not it be one of the class in which the statute provides a receiver may be appointed. Considering alone the allegations in the petition, taking the facts as true, the controversy is thus initiated: The Railroad Commission of Texas, through the Attorney General of the state, instituted the proceeding in the nature of a complaint against the appellant framed upon the definite theory that the appellant, a corporation, engaged in the production of oil, acting through its president and vice president, was deliberately and defiantly daily violating the regulations and orders of the Railroad Commission, promulgated and in force, providing for and fixing the method of gauging or measuring and of making and keeping a complete record of the daily production of oil, and providing for and prorating the permissible daily production of oil. By the prayer of the petition, relief at the hands of the court was asked, not against a particular person, but against the oil well and property, "to forthwith and immediately take over such property and operate the same in accordance with the laws of the State of Texas, and the orders, rules and regulations of the Railroad Commission of the State of Texas." The prayer is deemed an essential part of the petition, and determines the character of the decree which the court acting within its jurisdiction over the subject-matter is called upon to render. Article 2003, R. S.; Jordan v. Massey (Tex. Civ. App.) 134 S. W. 804.

 It is believed that the proceeding, according to nature and purpose, must be classed and be so considered as one of rights and remedy created and existing purely by statute, to enforce and to prevent the continuing violations of the orders and regulations of the Railroad Commission of Texas promulgated pursuant to the statute. The Railroad Commission is specially clothed by the statute with jurisdiction over oil wells and the corporations and persons drilling and operating the same. Article 6023, R. S. It is specially clothed with the authority to establish regulations and make orders, and enforce the same, in the operation of oil wells and production of oil. Article 6029, R. S. (as amended by Acts 1931, 1st Called Sess., c. 26, § 15 [Vernon's Ann. Civ. St. art. 6029]). The statute expressly creates the right and duty in the Railroad Commission, distinctively as such, and in its name as the Railroad Commission to "institute suits * * * and sue out such writs and process as may be necessary for the enforcement of its orders, and punish for contempt or disobedience of its orders as the district court may do." Article 6024, R. S. And proceedings in the courts by the Railroad Commission is by the wording of the statute restricted to and not enlarged beyond the "enforcement" of its orders and regulations, and the "violations" thereof. It is not clothed with authority otherwise to institute and maintain proceedings in its name in respect to conservation of oil, or production thereof. The legal effect is clear that a proceeding for the enforcement and prevention of violation of its orders and regulations may be deemed as one, not in effect by the state of Texas, but purely by the Railroad Commission, distinctively as such, as a legal entity clothed with special statutory authority to maintain the same. Although an agency of the state, yet in virtue of the authority conferred by the statute, the Railroad Commission becomes a special legal entity, having an individuality separate from the state, with respect to the institution and maintenance of suits for the enforcement and prevention of violation of its orders and regulations. The present proceeding presents a different situation from, and is without the ordinary rule in the case of, State Highway Commission v. Utah Const. Co., 278 U. S. 194, 49 S. Ct. 104, 73 L. Ed. 262.

 Although the petition is also framed in the view of a suit or cause of action for the items of penalty and the gross production tax, the Railroad Commission suing as such would not be authorized to institute and maintain a suit therefor. It has no inherent right and is not clothed with authority by statute to sue in its name, for itself or for the state, to recover the items mentioned. The "penalty" imposed for violation of the regulations and orders of the Railroad Commission by express terms of statute can only be recovered by suit "instituted and conducted in the name of the State of Texas, by the Attorney General of the State of Texas, or by the County or District Attorney of the county in which the violation occurs." Article 6036, R. S. (as amended by Acts 1931, 1st Called Sess., c. 26, § 3 [Vernon's Ann. Civ. St. art. 6036]). This provision precludes the enforcement of the penalty by the Railroad Commission, suing distinctively as such. The gross production tax on oil is a tax directly and peculiarly,

as alleged, "due and owing the State of Texas," derived entirely by terms of statute (Vernon's Ann. Civ. St. art. 6032), and the Railroad Commission is likewise lacking the right of action therefor. Lewright v. Love, 95 Tex. 157, 65 S. W. 1089. It is fundamental that no person can maintain an action respecting a subject-matter to which he has no interest or right or duty, either personal or fiduciary. The question of who may maintain an action is a matter of law, and not subject to be controlled by parties. If the lack of authority appears as a matter of law to maintain a suit on a particular subject-matter, a cause of action therefor is not stated. Consequently, the petition not being maintainable upon other grounds, the proceeding must be regarded as solely a proceeding for the appointment of a receiver.

Keeping in mind the nature and class of this proceeding, is it one in which the court was authorized to make the appointment of a receiver to take over the oil well? Creating and conferring, as the Legislature did, a new and original right upon the Railroad Commission to enforce by proceedings in court its orders and regulations, it was competent, as a well understood and recognized rule, to also provide the remedy by which it was to be enforced. The Legislature has quite certainly made provision for remedy in such proceeding by the Railroad Commission. The relief or remedy by writ of injunction is afforded. Section 4 of article 6049c, Vernon's Ann. Civ. St., reads: "Whenever it shall appear that any party engaged in the production, storage or transportation of crude petroleum oil or natural gas is violating any Statute of this State or any valid rule, regulation or order of the Commission promulgated to correct, prevent, or lessen the waste of crude petroleum oil or natural gas, the Commission, through the Attorney General, may bring suit against such party in any court of competent jurisdiction in Travis County * * * or in the county in which such violation is alleged to have occurred, but not elsewhere, to restrain such party from violating such rule, regulation, or order, or any part thereof, and in such suit the Commission may obtain such preliminary restraining order or temporary, or final injunction as the facts may warrant."

In thus granting the power of restraining the person and of acting directly on the person in relation to the commission of the particular wrongful acts, the writ of injunction was evidently considered, as must be assumed, an efficient prohibitory and preventive remedy to meet the requirements of the particular case and to serve the purpose of the judicial proceeding. Such remedy and relief was in accordance with well-settled principles of equity. The writ of injunction is regarded as not only a useful but most efficient remedy to restrain the commission of wrongful acts. It is only upon the happening of other special circumstances that the appointment of a receiver to take over the property is authorized as a remedy. Section 11f of article 6049a, Vernon's Ann. Civ. St., reads: "Whenever any order, rule or regulation promulgated by the Commission pursuant to this Act has been finally adjudged to be valid, in whole or in part, in any suit to which the Commission is a party, and thereafter any party to the suit or other proceedings in which such matter has been so adjudged, shall violate such rule, regulation, order or judgment, or shall suffer any property owned or controlled by him to be used in violation of any such rule, regulation, order or judgment, the Commission shall have the power, and it shall be its duty, to make application to the Judge of the trial court, setting out such rules, regulations, order or judgment and that such party, subsequent to the date of such judgment, has violated or is violating such rule, regulation, order, or judgment, and praying that a receiver be appointed as provided in this Section. Thereupon the judge of such trial court may after notice and hearing, appoint a receiver of the property involved or used in violating such rule, regulation, order, or judgment, and shall fix a proper bond for such receiver," etc.

■ As provided, the appointment of a receiver to take possession of the oil property and operate same under orders of the court, which is the exercise of a higher and far more reaching power than the granting of an injunction, was not authorized to be resorted to unless and until upon and after judgment, and upon notice and hearing. In such proceeding, the prior final adjudication of the validity of an order or regulation of the Railroad Commission, and its subsequent violation by a party to the adjudication, would be essential to authorize the appointment by the court. It is strictly limited to violations of an adjudicated order by "any party to the suit or proceedings in which such matter has been so adjudged." Manifestly, the remedy of receiver, as provided, was intended to be exclusive and used for no other purpose, for it is made allowable only in case of special circumstances stated. Where a statute creates a new right or cause of action, as a purely statutory proceeding where none existed at common law, and also provides a remedy for its enforcement, it is ordinarily held that such statutory provisions are mandatory and exclusive. 1 C. J. § 102, p. 989; 1 Texas Jur. § 70, p. 689; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084; and other cases. Accordingly, it is believed that the present proceedings based on the circumstances pleaded does not fall within the statutory provision in which a receiver may be appointed

by the court on the application of the Railroad Commission, moving therefor.

■■ Independent of the statute, and in the absence of statutory provision, a receiver cannot, in the class of proceeding and circumstances pleaded, be appointed by the court, or a judge thereof in vacation, on the application of the Railroad Commission, moving therefor. As above determined, the present proceeding must be regarded as purely a statutory one in the object and purpose to enforce and to prevent violations of the orders of the Railroad Commission, with the sole relief sought of appointment of a receiver to take over and operate the oil property. The authority does not inhere in the courts, under their general jurisdiction as courts of equity, to make appointment of a receiver to take over property, as the sole relief sought. The appointment can be made only in a pending suit, as an incident to the litigation itself and not the main purpose of the litigation, unless in exceptional cases of the preservation of estates of infants and insane persons, where there does not appear any one who has a legal right to deal with the property. 4 Pomeroy, Eq. Jur. (4th Ed.) § 1492; 2 Story, Eq. Jur. (14th Ed.) § 1170; 1 Tardy's Smith on Receivers (2d Ed.) § 14; 24 C. J. § 9, p. 24; Continental Trust Co. v. Brown (Tex. Civ. App.) 179 S. W. 939; Republic Trust Co. v. Taylor (Tex. Civ. App.) 184 S. W. 772. Quoting from Tardy's Smith on Receivers, supra: "It is a well established rule that in order to authorize the appointment of a receiver it is essential that there shall be at the time of the appointment a suit pending in which relief other than the mere appointment of the receiver is sought." Further, Pomeroy, Eq. Jur., supra: "The appointment of a receiver being merely to assist in the ultimate disposition of the property in controversy, a receiver will not ordinarily be appointed unless there is a suit pending, concerning the subject matter in regard to which the receiver is sought."

Courts of equity proceed upon the principle that they will grant relief in those cases in which it ought to be granted according to equity, but where no remedy is given by the law. And, while it is proper that the courts should freely exercise their powers to grant relief in those cases in which it ought to be granted according to equity, or according to statutory law, yet it is wisely required for all courts to keep clearly within the limits of their jurisdiction. If it should occur that the remedy provided by statutory law does not meet the requirements of a particular case, and thus fail to give any remedy, or a very inadequate one, it is the province of the Legislature to provide for it by proper enactments. It is the province of the courts to expound the law only.

The order appointing a receiver is reversed, and judgment is here entered dissolving the appointment of a receiver.

## On Motion for Rehearing.

The appellee especially urges as error the conclusion in the original opinion that the present proceeding was one "not in effect by the State of Texas, but purely one by the Railroad Commission, distinctively as such, as a legal entity clothed with special statutory authority to maintain the same." The principal cases cited and relied on are not of similar facts nor questions of law. In the case of Fitts v. McGhee, 172 U. S. 516, 19 S. Ct. 269, 43 L. Ed. 535, the receivers of the Memphis and Charleston Railroad named as defendants of record "the State of Alabama" and the Governor of the state and the Attorney General. Afterwards the complaint was amended by striking out the state as a defendant. The proceeding was to restrain the officers named from taking any steps by means of a judicial proceeding in execution of a statute passed by the Legislature of Alabama. The ruling was that relief was not sought against the defendants personally and individually, but in their representative capacity as officers of the state, and the proceeding, involving a statute of the state, was really a suit against the state within the prohibition of the Eleventh Amendment of the United States Constitution. The same question was presented in the case of Stephens v. R. Co., 100 Tex. 177, 97 S. W. 309, where it was determined that a proceeding against the comptroller of the state and the Attorney General of the state to enjoin the collection of a state tax was a suit against the state, and not maintainable without its consent. The officers named were the only officers authorized by law to collect the tax. In the case of State Highway Commission v. Utah Construction Co., 278 U. S. 194, 49 S. Ct. 104, 73 L. Ed. 262, the state highway commission let a contract, as it was expressly authorized by statute to do, on behalf of the state of Wyoming, for construction of a highway. The ruling was that the suit was substantially within the prohibition of the Eleventh Amendment because the state was the real party to the contract and the real party against which the relief was sought; the nominal defendant being only its authorized agent without any personal interest in the subject-matter. It is believed that the cases do not involve controversies like the present proceeding and there was no error in the ruling made. As outlined in the original opinion, the petition was framed in the view of a cause of action (1) to enforce and to prevent the continuing violations of the orders and regulations of the Railroad Commission promulgated pursuant to the statute, and (2) to recover items of penalty and gross production tax. The suit was in the name and purported to be by "The Railroad

Commission of Texas" brought by the "Attorney-General of Texas." The state was not a party of record. The ruling was that the state was not a party of record, nor was it a party in the proceeding to enforce the orders and regulations promulgated by the Railroad Commission; that the statute, articles 6023, 6024, created the Railroad Commission an entity, a juristic person, whose right to make orders and regulations in the operation of oil wells and production of oil was coupled with the provision that it might sue in its name; that the Railroad Commission could not be said to be acting for and in behalf of the state in the collection of the penalty and gross production tax, because no statute gave any authority to do it.

The appellee further insists that the authority or right of the Railroad Commission to institute the proceeding by the Attorney General of the state in behalf of the state to recover the items of statutory penalty and gross production tax on oil could not be questioned in "the absence of any plea of abatement or special demurrer raising such point." The case of State v. S. A. Thompson, 64 Tex. 690, is cited and relied on. In that case suit was brought in the name of the state by the Attorney General of the state to cancel the claim of Thompson to two sections of school land. Under the statute existing, the Attorney General was not authorized to bring suits of that character in behalf of the state unless authorized to do so by three members of the land board. The ruling was to the extent only that "the want of authority in the Attorney General to institute this suit, if in fact he was not advised or directed by at least three members of the Board to bring it," should be "presented by a plea of some kind raising an issue of fact." It is made clear that the question involved was not whether the Attorney General was the proper officer to bring a suit in behalf of the state, if directed by three members of the land board to do it, but whether the Attorney General was in fact advised and directed to do so in the particular case. Quite a different situation appears in the present proceeding. The Railroad Commission is not clothed with authority by statute to sue in its name for itself or for the state to recover the statutory penalty or gross production tax on oil. The statute, as stated in the original opinion, expressly makes provision for such suits, and the Railroad Commission is lacking the right of action therefor. As stated in the original opinion: "It is fundamental that no person can maintain an action respecting a subject matter to which he has no interest or right or duty, either personal or fiduciary. The question of who may maintain an action is a matter of law, and not subject to be controlled by

parties. If the lack of authority appears as a matter of law to maintain a suit on a particular subject matter, a cause of action therefor is not stated. Consequently, the petition not being maintainable upon other grounds, the proceeding must be regarded as solely a proceeding for the appointment of a receiver."

The motion is overruled.