

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
~~WILLXXWILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 30, 1939

Overruled by Brief in
RRC v. Clark Sample, Jr., et la
Texas Sup. Ct. No. A-10958

Honorable John E. Taylor
Chief Supervisor
Railroad Commission
Austin, Texas

Dear Sir:

Opinion No. O-852
Re: What remedy does the Railroad
Commission have against an operator
who has produced 1,500 barrels of
illegal oil in violation of the
Commission's order?

We have your letter of May 22 requesting our opinion on the following questions:

"Operator 'A' as the owner of an oil well capable of producing 100 barrels of oil per day is by order and schedule of the Railroad Commission allowed to produce 50 barrels per day or a total of 1,500 barrels per month. Instead of producing only the amount as permitted to produce, he produces 100 barrels per day, or a total of 3,000 barrels per month in violation of the Commission's order. Can the Commission enter an Order reducing the production from 'A' s' well at a subsequent date or during the subsequent month (provided such reduction is made in accordance with our conservation rules) until the amount over-produced comes within or balances with the amount which 'A' can legally produce?

"Or, in the above circumstances would the operator simply be subject to criminal prosecution or civil penalties for the violation of the Commission's Order?

"In the circumstances above set forth, what action could the Commission take against the operator after its agents have inadvertently approved tenders for the oil over-produced from 'A's' well?"

Our answer to your first question is no.

The rights and remedies involved in your question were created by statute and did not exist at common law. The law applicable to your question is stated by the Texarkana Court of Civil Appeals in Ortiz Oil Company v. Railroad Commission, 62 S.W. (2d) 376, as follows:

"It is believed that the proceeding, according to nature and purpose, must be classed and be so considered as one of rights and remedy created and existing purely by statute, to enforce and to prevent the continuing violations of the orders and regulations of the Railroad Commission of Texas promulgated pursuant to the statute. The Railroad Commission is specially clothed by the statute with jurisdiction over oil wells and the corporations and persons drilling and operating the same. Article 6023, R.S. It is specially clothed with the authority to establish regulations and make orders, and enforce the same, in the operation of oil wells and production of oil. Article 6029, R.S. (as amended by Acts 1931, 1st Called Sess., c. 26, § 15 (Vernon's Ann. Civ. St. Art. 6029)). The statute expressly creates the right and duty in the Railroad Commission, distinctively as such, and in its name as the Railroad Commission to 'institute suits * * * and sue out such writs and process as may be necessary for the enforcement of its order, and punish for contempt or disobedience of its orders as the district court may do.' Article 6024, R.S. And proceedings in the courts by the Railroad Commission is by the wording of the statute restricted to and not enlarged beyond the 'enforcement' of its orders and regulations, and the 'violations' thereof. It is not clothed with authority otherwise to institute and maintain proceedings in its name in respect to conservation of oil, or production thereof. * * * * * *

"* * * Where a statute creates a new right or cause of action, as a purely statutory proceeding where none existed at common law, and also provides a remedy for its enforcement, it is ordinarily held that such statutory provisions are mandatory and exclusive. 1 C.J. 102, p. 989; 1 Texas Jur. 70, p. 689; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; and other cases. * * *" (Emphasis added)

The principle of law enunciated above was followed by the San Antonio Court of Civil Appeals in the case of Wiseman v. State, 94 S.W. (2d) 265, and the Court in its opinion cited numerous authorities supporting its position.

As our answer to your first question is no, it follows,

as a matter of course, that our answer to your second question is that the operator would be subject to the civil penalties and criminal prosecution provided by statute. The controlling statutes in this instance provide as follows:

Article 6066a, Sec. 10 (a), Vernon's Annotated Civil Statutes:

"All unlawful oil and unlawful products, regardless of the date of production or manufacture thereof, are hereby declared to be a nuisance and shall be forfeited to the State as hereinafter provided. It shall be the duty of the Commission, its servants, agents, and employees, highway patrolmen, sheriffs, constables, and peace officers, upon the discovery of any unlawful oil or unlawful products, to file immediately with the Attorney General of Texas, a report giving a description of such unlawful oil and/or unlawful products, including the ownership, party in possession, the amount, the location and classification thereof." (Emphasis Added)

Article 6036, Vernon's Annotated Civil Statutes:

"In addition to being subject to any forfeiture that may be provided for by law and to any penalty that may be imposed by the Commission for contempt for the violation of its rules, regulations or orders, and person violating any of the provisions of this Act or of Title 102, Revised Civil Statutes of Texas, 1925, as amended, or violating any rule, regulation, or order of the Commission promulgated thereunder, shall be subject to a penalty of not more than One Thousand Dollars ($1000) for each and every day of such violation, and for each and every act of such violation, to be recovered in any Court of competent jurisdiction in Travis County, or in the county of the residence of the defendant, or, if there be more than one defendant, in the county of the residence of any of them, or in the county in which the violation is alleged to have occurred, such suit by direction of the Commission to be instituted and conducted in the name of the State of Texas by the Attorney General or by the county or district attorney where such suit is brought. The recovery or payment of any such penalty shall not authorize the violation of any provision of this Act, or Title 102, Revised Civil Statutes of Texas, 1925, as amended, or of any rule, regulation, or order of the Commission promulgated thereunder.

"Any person aiding or abetting any other person in the violation of this Act, or of Title 102, Revised Civil

Statutes of Texas, 1925, as amended, or of any rule,
regulation, or order of the Commission promulgated there-
under, shall be subject to the same penalties as are
prescribed herein for violation thereof by any such
other person. ( Acts 1919, p. 287; Acts 1929, 41st
Leg., p. 694, ch. 313, 4; Acts. 1931, 42nd Leg.,
1st C.S., p. 46, ch. 26, 3; Acts 1934, 43rd Leg.,
3rd C.S., p. 120, ch. 64, 2; Acts 1935, 44th Leg.,
p. 180, ch. 76, 12.)"

Article IIIc, Vernon's Annotated Criminal Statutes:

"Sec. 1. Whoever shall forge the name of any agent,
officer or employee of the Railroad Commission of Texas
to a permit or tender of the Railroad Commission of Texas
relating to crude petroleum oil or natural gas or any
product or by-product of either, or who shall knowingly
use such forged instrument to induce another to handle
or transport any crude petroleum oil or natural gas or
any product or by-product of either, shall be confined
in the penitentiary not less than two (2) nor more than
five (5) years.

"Sec. 2. Whoever shall knowingly procure or cause
any agent, officer or employee of the Railroad Commis-
sion of Texas to approve or issue a permit or tender of
the Railroad Commission of Texas relating to crude petrol-
eum oil or natural gas or any product or by-product of
either, or who shall procure or cause any agent, officer
or employee of the Railroad Commission of Texas to issue
to him a permit or tender of the Railroad Commission of
Texas relating to crude petroleum oil or natural gas or
any product or by-product of either with the intent to de-
fraud shall be confined in the penitentiary not less than
two (2) nor more than five (5) years.

"Sec. 3. Whoever shall knowingly have in his posses-
sion a forged tender or permit of the Railroad Commis-
sion of Texas relating to crude petroleum oil or natural
gas or any product or by-product of either for the pur-
pose of transporting, handling or the sale of said crude
petroleum oil or natural gas or any by-product of either
shall be guilty of a misdemeanor and upon conviction shall
be fined not less than Twenty-five Dollars ($25) nor more
than One Thousand Dollars ($1000), or by confinement
in the county jail for not less than thirty (30) days
nor more than one year; or by both such fine and jail
sentence.

"Sec. 4. If any section, subsection, clause, sen-

tence or phrase of this Act is for any reason held to be unconstitutional or invalid, such decision shall not affect the validity of the remaining portions of this Act.  The Legislature hereby declares that it would have passed this Act and each section, subsection, clause, sentence or phrase thereof irrespective of the fact that any one or more of the sections, subsections, clauses, sentences or phrases be declared unconstitutional.  (Acts 1935, 44th Leg., p. 536, ch. 225.)"

Our answer to your second question includes our answer to your third question as the statutes set out above include all the remedies available to the Railroad Commission against the operator.  To briefly summarize them they are as follows:

1.  A suit in the name of the State to confiscate any illegally produced oil that can be found.

2.  A suit for penalties as provided for in Article 6036, supra.

3.  Criminal prosecution under Article 1111c, Vernon's Annotated Criminal Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/E. R. Simmons
E. R. Simmons
Assistant

ERS:AMM:wc

APPROVED:
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY R.W.F. CHAIRMAN