John E. JULIAN, Appellant,

v.

CARROLLTON INDEPENDENT SCHOOL DISTRICT et al., Appellees.

No. 7308.

Court of Civil Appeals of Texas.

Texarkana.

April 4, 1961.

Shirley W. Peters, Denton, for appellant.

Earl Luna, McCulloch, Ray, Rembert, Luna & Trotti, Dallas, for appellees.

PER CURIAM.

This action originated as a mandamus suit. The appeal is dismissed for want of prosecution.

The provisions of Rule 414, Vernon's Ann. Texas Rules of Civil Procedure required that appellant's brief be filed on or before November 12, 1960. Some 58 days after that deadline, on January 9, 1961, the appellees filed a motion to dismiss the appellant's appeal for want of prosecution. The next day, January 10th, the appellant filed a motion to extend the time for filing his brief. To excuse the delay the motion stated counsel for appellant was absent from his office for several days in the latter part of October, 1960, and in his absence his file on this case was inadvertently misplaced, causing him to overlook preparation and filing of the brief within the allotted time.

In addition, the motion for extension calls attention to the nature of the action.

The suit was brought as a class action by John E. Julian, a taxpayer in the Carrollton Independent School District, against the District and its Tax Assessor and Collector and other officials, to compel them to assess for tax purposes all property within the district subject to taxation for the year 1960, and to assess for tax purposes all property subject to taxation theretofore omitted from assessment in the years 1956, 1957, 1958, 1959, and 1960. The trial court sustained a motion to abate the suit, and dismissed it upon finding that there was no justiciable issue or controversy between Julian and the school district and its officials. Appellant suggests such order was fundamental error now apparent on the face of the record, and the appeal should not be dismissed because appellant failed to file his brief within the time limit of Rule 414.

The excuse that confusion in the office of appellant's counsel caused him to overlook filing the brief in the prescribed time is not good cause excusing failure. See 4 Tex.Jur. (2) 138, Sec. 633, and cases there cited dealing with causes that excuse a tardy filing.

The duty to examine a record for fundamental error in the absence of briefs may be conceded to have been required prior to the advent of the Rules of Civil Procedure and repeal of Art. 1837, Vernon's Ann.Tex.Civ. St. See 4 Tex.Jur. (2) 127, Sec. 612. Presently, Rule 415 authorizes a dismissal of an appeal for want of prosecution, but at the same time grants the appellate court authority to consider late briefs even in the absence of good cause. The rule is silent on examination of the record for fundamental error as a prerequisite to dismissal for want of prosecution. Repealed Art. 1837 required Courts of Civil Appeal to consider errors apparent on the face of the record in the absence of an assignment. The repeal of the article constricted the legal concept of fundamental error, and many errors formerly treated as fundamental may not be so regarded now. See cases next cited.

■■ The outer limits of fundamental error have not been fixed, but an error is now said to be truly fundamental when it establishes by judgment rights or relief adverse and in conflict with the public interest as declared by the Constitution or by legislative enactment, or when a complete record reveals the trial or appellate court is without jurisdiction of the subject matter or procedure in litigation, or the parties to the action have no justiciable interest in the issues litigated. See Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979; McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265; Holland v. Taylor, 153 Tex. 433, 270 S.W.2d 219; Wagner v. Warnasch, 156 Tex. 334, 335, 295 S.W.2d 890. Logically it follows that in the absence of a brief the record should be examined for fundamental error as the same is now recognized.

The judgment of the trial court finding the appellant has no justiciable interest in the issue tendered for decision by the pleading is not directly adverse to public interest as that interest is expressed in the Constitution, or by statutory law. Nor does the record show a want of jurisdiction of the subject matter of the suit by the trial court. Error, if any, in reaching the judgment entered is not fundamental.

Apparently the trial judge abated the suit because it presented for determination only the theory that if all taxable property in the district was not assessed for the years indicated the appellant would be burdened with a part of the taxes which should be borne by other property owners. The trial judge seems to be of the opinion that the appellant would not have a justiciable interest unless he plead that adoption of the fundamentally wrong principle or method of assessment alleged resulted in substantial injury to Julian by subjecting him to payment of an excessive tax upon his property.

The trial court apparently concluded that Julian should have plead his right to have the assessments made, a legal duty on the part of the School District and its officers to make the assessments and the District's breach of duty in this respect. See 28 Tex. Juris. 636, Sec. 65.

The duty Julian would compel the school district and its officers to perform is that of assessing all of the property subject to taxation for the years mentioned. That is a general duty of the office of the District's Tax Assessor and Collector, and its performance is for the benefit of the public generally.

■ A citizen taxpayer is not privileged to maintain a suit to compel a public officer to perform a function due to the government as such in which the taxpayer has no private interest different from that of the public generally. Lewright v. Love, 95 Tex. 157, 65 S.W. 1089. And for Julian to maintain his action, his pleadings should have shown that he had a private interest in the assessment of taxes on all property in the District subject to taxation which differed from that of the public generally. It is his position that his pleadings, taken as true, make such showing.

To show injury private and peculiar to the taxpayer as distinguished from that suffered by the public generally when a fundamentally wrong principle of taxation is imposed, the court frequently compare the tax paid by the taxpayer under the illegal plan with the tax he would probably be required to pay if a legal plan prevailed, to determine whether or not an excessive tax is being exacted from the payer.

This requirement is frequently met in injunction and discriminatory taxation cases by proof of the amount in money the taxpayer pays under the illegal plan, the amount of money necessary to operate the taxing unit to be collected by taxation of property within its boundaries, the tax ra' the total assessed valuation, and the value of property omitted from assessment, and the amount of taxes that would be produced by a legal plan of assessment. See Sam Bassett Lumber Co. v. City of Houston,

145 Tex. 492, 198 S.W.2d 879; Whelan v. State, 155 Tex. 14, 282 S.W.2d 378; State v. Federal Land Bank of Houston, Tex., 329 S.W.2d 847; City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414; and City of Wichita Falls v. Cooper, Tex.Civ. App., 170 S.W.2d 777, wr. ref.

■■ It is relief from an excessive tax that justifies action by a taxpayer. A private interest sufficient to support a mandamus action would appear with proof of an excessive tax exaction. Julian is not entitled to theorize about the effect of omission of property from assessment; he must show that it injures him privately. The cases cited next above clearly point this out. On the basis of the facts alleged in appellant's pleading and by the trial court's action admitted to be true, there is not sufficient data to calculate the impact the non-assessment of the property mentioned in appellant's pleading would have on Julian's tax burden. There is an absence of proof of an excessive tax to be borne by the property he rendered.

Reference herein to Julian by name or as appellant is meant to refer to the entire class he represents as well; and any reference to appellees, District or Carrollton Independent School District is intended to include the School District's Tax Assessor and Collector, and all of its officers made a party to the suit.

■ Having concluded that the case should be dismissed for want of prosecution, and that there is no error apparent on the face of the record of a nature to require a reversal, the appeal should be dismissed. It is so ordered.