D. Y. McKinney et al. v. Charles Abbott et al.

1. Descent and distribution.—Where an intestate left neither wife, child, father, mother, nor descendants of either surviving, the law of descents (Paschal's Dig., art. 3419, sec. 4) directs that the estate be divided into two moieties, one to go to the paternal and the other to the maternal kindred; each moiety passing to the nearest of kindred in its respective line, as an independent estate, without regard to their relative nearness to the intestate.

2. Same—Statute construed.—Section 4 of article 3419, Paschal's Digest, construed.

3. Case approved.—Jones v. Barnett, 30 Tex., 637.

APPEAL from Grayson. Tried below before the Hon. Joseph Bledsoe.

This was a suit among collateral heirs for partition. The diagram shows the relation of the parties to the intestate.

WILLIAM L. McKINNEY.

*Throckmorton, Brown & Bryant,* for appellants.—The appellees, as plaintiffs in the court below, instituted suit in the District Court of Grayson county against appellants and J. A. McKinney, for the partition of the land in controversy. They claimed that they and J. A. McKinney were the only heirs at law of W. L. McKinney, who, it is charged, died intestate seized of the land. The plaintiffs alleged that appellants claimed a portion of the land, &c.

Appellants set up in their answer that they were the only heirs in the maternal line of the deceased; that he left no wife,

nor children, nor their descendants; father nor mother, brothers nor sisters, nor their descendants, surviving him; and claimed half of the estate. The case was submitted to the court, and judgment given partitioning the land among the plaintiffs and J. A. McKinney, to the exclusion of appellants.

The court erred in giving judgment for the plaintiffs for the entire land.

I. The estate should have been divided into two moieties, one of which should have been given to appellants, representing the maternal kindred, and the other to appellees and J. A. McKinney, representing the paternal line of kindred. (Paschal's Dig., art. 3419, cl. 4.)

There was no controversy about facts of the case.

The deceased, under whom both parties claimed, was a minor, never having been married. He died intestate, leaving no issue, neither father nor mother, brothers nor sisters, nor their descendants, surviving him.

The father of W. L. McKinney was William B. McKinney, who was a son of James and Polly McKinney, both of whom died prior to W. L. McKinney's death. The plaintiffs were the children of Smith McKinney, who was a son of James and Polly McKinney. J. A. McKinney was a son of James and Polly McKinney, who had only three children—Smith McKinney, J. A. McKinney, and W. B. McKinney. The proof shows that plaintiffs and J. A. McKinney were the only descendants of the paternal grandfather and grandmother.

Deceased left no maternal grandfather or grandmother, nor their descendants. The paternal great-grandfather and grandmother were also dead, and appellants, D. Y. McKinney and Annettie Morriss, are their only descendants, and are the nearest of kin to decedent in the maternal line.

II. The estate being divided into moieties, one passes to the paternal and the other to the maternal kindred—passing to the nearest of kin in each line without regard to the degrees of relationship of persons in the other line. Each moiety becomes an independent estate, and is to be governed by the

· fourth clause of article 3419 of Paschal's Digest.    (Jones *v.* Barnett, 30 Tex., 637.)

*Hare & Head*, for appellees.

I.  Where there are no children'of the intestate, nor father or mother, brother or sister, grandfather or grandmother, then any living descendant or descendants of any one or more grandfathers or grandmothers, on either the maternal · or paternal side, take the whole estate *per capita* or *per stirpes.* (Paschal's Dig., art. 3425, cl. 4, sec. 2.)

II.  Under the fourth clause, above quoted, the estate is divided into moieties for the purpose of partition among the paternal and maternal grandfathers and grandmothers, if all are alive.   If some are dead, then for partition among the living and descendants of those who are dead.  If no grand-· father or grandmother be living, then for partition among their descendants, or such of them as there may be.   If no descendants be living, then it passes to the remote kindred, maternal and paternal, in moieties.   If only one branch of such remote kindred survive, such survivor or survivors of either branch take the whole.   If no descendant of either grandfather or grandmother be living, and all the remote kindred of any degree are extinct, and the intestate have no · living heir, the whole estate escheats to the State.  (Paschal's Dig., arts. 3425, 3657.)

Roberts, Chief Justice.—William L. McKinney died in Grayson county in 1877, leaving lands in the State of Texas, ··and the matter in dispute is who are entitled, under the laws of this State at said date, to inherit them.   He had neither wife, children, father, mother, brothers, sisters, nor descend-· ants of either, nor grandparents or great-grandparents, maternal or paternal, living at the time of his death.

Appellees, Abbott and others, plaintiffs in this suit, are · descendants of the paternal grandfather and grandmother. There are no descendants of the maternal grandfather or

grandmother. But appellants, D. Y. McKinney and others, defendants in this suit, are descendants of the maternal great-grandfather and great-grandmother.

The question which it is the object of this suit to try, is,— Must the real estate left by William L. McKinney be divided into two equal moieties or portions, and one of them be given to the descendants of his grandfather and grandmother by the father's side, and the other portion be given to the descendants of his great-grandfather and great-grandmother on his mother's side? We are of opinion that it must. This opinion is based upon the construction of the fourth subdivision of section 2 of the act "to regulate the descent and distribution of intestate's estates," (Paschal's Dig., art. 3419,) in connection with other parts of that law, and of other previous laws, of which that one is an amendment and revision.

Said act, in the event there is no wife, children, father, mother, brothers, sisters, or the descendants of either of them, provides that "the inheritance shall be divided into two moieties, one of which shall go to the paternal and the other to the maternal kindred in the following course, that is to say: To the grandfather and grandmother in equal portions; but if only one of these be living, then the estate shall be divided into two equal parts, one of which shall go to such survivor, and the other shall go to the descendant or descendants of such deceased grandfather or grandmother. If there be no such descendants, then the whole estate shall be inherited by the surviving grandfather or grandmother. If there be no such surviving grandfather or grandmother, then the whole of such estate shall go to the descendants, or such of them as there be, and so on without end, passing in like manner to the nearest lineal ancestors and their descendants, or to such of them as there be." (Paschal's Dig., art. 3419.)

The obscurity and uncertainty of this subdivision of said section arise out of the fact, that after the inheritance is directed to be divided into two moieties, one to go to the paternal and the other to the maternal kindred of the intes-

tate, the statute in that section makes no further reference to the two estates thus created out of the inheritance, but proceeds to state how the estate, as if there were but one, shall descend and be inherited, concluding with the direction that it shall go to the "nearest lineal ancestors, or their descendants, or to such of them as there be."

If this had been said to be the course of each one of the two estates, made by dividing the inheritance into two moieties, it would have been more plain as to what was meant. Still, it is more reasonable that such was its meaning, than that there should be no division of the inheritance when the kindred happened to be nearer on one side than on the other, which, it must have been known, would very often happen.

This section in the act of 1848 is the same as the third, fourth, fifth, and sixth sections of the act of 1840 on the same subject, and in that act there was another section, which fully explains what was meant. It is the tenth section, as follows: "Where, for the want of issue of the intestate, and of father, mother, brothers, and sisters, or their descendants, the inheritance is directed to go by moieties to the paternal and maternal kindred, if there should be no such kindred on the one part, the whole shall go to the other part; and if there be no kindred on the one part or the other, the whole shall go to the wife or husband of the intestate," &c. (Hart. Dig., art. 581, p. 217.)

We have here, incidentally, an explanation of what was meant in the fourth subdivision of the section of the statute under consideration, as it stood in the act of 1840, the leading object of which, doubtless, was to cast the inheritance upon the wife or husband upon a certain remote contingency, and, as we may presume, this tenth section in the act of 1840 was entirely omitted in the act of 1848, because in the latter act an entirely different and more beneficial provision was made for the descent of the inheritance upon the wife or husband. (Paschal's Dig., art. 3422.)

With the explanation thus furnished by the said tenth sec-

tion, there could be no doubt but that, in the contingency contemplated by this fourth subdivision, the moieties of the inheritance should go to the paternal and maternal kindred respectively, although the kindred of one side might be more remote than those upon the other, so long as any such existed to take the moiety allotted to each side. That being the meaning of this provision as it stood in the act of 1840, it should be held to mean the same thing in the act of 1848, now in force, although the explanation of it, incidentally made by said tenth section, has been omitted in the said act of 1848. That construction will be arrived at more readily, also, when it is considered that our laws of descent of real property are more in harmony with the civil law of Spain, than with the common law of England; the leading object of the latter being to cast the inheritance upon the nearest male heir on the father's side.

There is in the decisions of this court but one case found directly applicable to this, and in that, the decision was in accordance with this opinion. (Jones' Heirs v. Barnett's Heirs, 30 Tex., 637.)

Judgment reversed and cause remanded.

REVERSED AND REMANDED.