## Young, et al. v. Smithers, et al.

(Decided November 1, 1918.)

### Appeal from Franklin Circuit Court.

1. Descent and Distribution.—What Law Governs.—Under section 1393 Kentucky Statutes the inheritable estate of one who dies without descendants, father or mother, brother or sister or descendants, but who leaves surviving him a maternal grandmother and aunts and uncles on the paternal side, passes one moiety each to the paternal and maternal kindred of the deceased, the maternal grandmother taking one moiety and the aunts and uncles on the paternal side the other moiety of the estate.

2. Descent and Distribution—Moiety.—By the word "moiety" is meant, one-half of an inheritable estate, but the word is never construed to include a whole estate.

IRA JULIAN for appellants.

LESLIE W. MORRIS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

In 1916, A. W. Smithers died intestate, domiciled in Franklin county, Kentucky, leaving real estate of inheritance. He had never been married, left no descendants, father or mother, brother or sister. His maternal grandmother was living but his maternal grandfather was dead and both his paternal grandfather and grandmother were dead, but they left children who were the uncles and aunts of the deceased, and are now the plaintiffs in this action. The real estate in controversy is a house and lot located in South Frankfort alleged to be

indivisible. After the death of Smithers his maternal grandmother, Eliza Young, set up claim to the whole of his estate on the ground that she was the nearest of kin, whereupon this action was instituted by Ben Smithers and others, uncles and aunts on the paternal side of the deceased, asking to be adjudged the owners of a one-half undivided interest in the property and praying that the whole be sold, it being indivisible, and the proceeds distributed according to the rights of the parties as made to appear.

The determination of this case depends upon the proper construction of section 1393, Kentucky Statutes, which relates to descent and distribution. That section reads in part, "When a person having right or title to any real estate of inheritance shall die intestate as to such estate, it shall descend in parcenary to his kindred, male and female, in the following order, except as otherwise herein provided, viz:

"1.   To his children and their descendants; if none, then—

"2.   To his father and mother, if both are living, one moiety each; but if the father be dead, then the mother, if living, shall take the whole of the estate; if the mother be dead, then the whole estate shall pass to the father; if no father nor mother, then—

"3.   To his brothers and sisters and their descendants; if none, then—

"4.   One moiety of the estate shall pass to the paternal and the other to the maternal kindred in the following order:

"5.   1.   The grandfather and grandmother equally, if both be living; but if one be dead, then the entire moiety shall go to the survivor; if no grandfather or grandmother, then, etc."

It will be observed that the third section of this statute provides, that if there be no brother or sister or descendant thereof, then one moiety of the estate shall pass to the paternal and the other to the maternal kindred, in the order named. According to Webster and other lexicographers, moiety means one-half and is never construed to include the whole. So in construing subsection 4 of the statutes we may safely say that "one moiety of an estate" means one-half only of the estate. It therefore appears that one-half of the

estate passes to the paternal kindred and the other to the maternal kindred, if there be any in existence. This construction is confirmed by the fifth section of the same statute, which provides, that in case the grandfather or grandmother on either the paternal or maternal side be dead, "then the *entire moiety* shall go to the survivor." This clearly indicates that only a moiety, one-half, is intended to or can pass to the maternal kindred, and a like amount pass to the paternal kindred, if there be kindred upon the respective sides. But to make this construction of the statute doubly sure, subsection 9 of the same statute provides, "if there is no such kindred to one of the parents, the whole shall go to the kindred of the other," clearly indicating that if there be kindred of a parent living, though remote, that person shall take the moiety which otherwise would have passed to the grandparent or grandparents on that side of the family tree had they or either of them been living. Applying this construction of the statutes under consideration to the facts alleged in the petition, as well as those set forth in the stipulation signed by the parties, it will be found that the plaintiffs below and appellees here, have shown themselves entitled to the relief sought. The maternal grandmother, Mrs. Young, is entitled to the entire moiety, not estate, which passed to the maternal side. But as there were uncles and aunts on the paternal side, the other moiety, or one-half of the estate, passed to them, and the trial court properly so adjudged.

All the facts were set forth in the petition and a demurrer was filed thereto, which was overruled; subsequently a stipulation of facts was made by the parties and filed in the case which coincides exactly with those alleged in the petition. The lower court entered the following judgment with reference to the rights of the parties:

"This cause coming on to be heard upon the demurrer of the defendant, Eliza A. Young, to plaintiff's petition, and the court being advised, said demurrer is overruled, and the defendant, Eliza A. Young, declining to plead further, it is now ordered by the court that the plaintiffs, Ben Smither, Ida True, Louis Smither, Oscar True, Maggie Anderson and Millie Brown, are the owners of, and entitled to an undivided one-half of the real property of A. W. Smither, deceased; and the said Eliza A.

Young is the owner of the other one-half of said property.

"It is adjudged that said property is jointly owned by the parties herein named, and is in their possession and is indivisible."

Then follows the description of the property and an order directing a sale by the master commissioner.

It appears that the trial court properly construed the statute and correctly adjudged the rights of the parties. When there is no descendant, no father or mother, brother or sister or descendants, then the estate passes to the paternal and maternal kindred in equal moiety if there be such kindred upon the respective sides; if not, then the whole estate will pass to the kindred on the side which survives, if any there be. Of course, the grandparents have preference, but if they be dead on one side leaving descendants, the moiety which they would have received, if living, will pass to their descendants.

Judgment affirmed.