## ROSE v. FISHER'S ESTATE.
### No. 10173.

Court of Civil Appeals of Texas. Galveston. Jan. 30, 1936.

Rehearing Denied Feb. 20, 1936.

Jas. A. Williams, and A. T. Norman, both of Houston, for appellant.

Lawler, Wood & Childress, of Houston, for appellee.

GRAVES, Justice.

While a temporary administration was pending in the county court of Harris county sitting in probate on the estate of Cordelia Fisher, and prior to action by that court on the final report of the administratrix, John Rose, the appellant here, appeared in that probate proceeding by intervention and contested the approval of such final report upon the claim that he had been for approximately twenty years the common-law husband of the deceased, Cordelia Fisher, and as such was entitled to share in her estate; the county court, after a hearing of the matter upon the facts, overruled his contest upon the finding that he had not been Cordelia Fisher's common-law husband as claimed, and upon further findings to the effect that Cordelia Fisher's estate had belonged to herself alone and that she had died leaving as her only heirs her three children, John P. Murchison, Lucy Smith, and Mildred Ewing (the last named being the temporary administratrix referred to), and ordered the final account approved and the estate distributed between the three children so named; thereupon the appellant prosecuted his appeal from that adverse determination in the county court to the district court of Harris county, where, by like method of procedure, he reasserted his claim of having so been Cordelia's common-law husband, elaborating upon his averment of and prayer for his own asserted interest in the estate left by her, as follows:

"That such savings and estate is community property of intervener and said deceased, Cordelia Fisher, and is the product of community savings and gains of intervener's common-law marriage to the deceased. By way of alternative pleading and only in the event that intervener for any reason is mistaken in the consummation of the common-law marriage, then and in that event said estate and savings is the partnership property of intervener and deceased, representing the common gains and savings from their putative marriage and cohabitation.

"Wherefore, premises considered, your petitioner prays for an accounting by the administrator of the estate of Cordelia Fisher, deceased, for partition and distribution of intervener's one-half interest therein; in the alternative, for such interest therein as the court shall find him justly entitled to, for costs, general and special relief either at law or in equity."

Upon a like hearing on the facts in the district court before a jury, in response to the motion of the temporary administratrix therefor, who is the appellee here, the court instructed a verdict in the latter's favor against the appellant, following the due return of which it, too, adjudged that appellant take nothing on his claim and that the final account of the administratrix be approved and the estate distributed among the three heirs before mentioned. From that judgment this appeal has been duly prosecuted.

In this court the appellant contends that the trial court erred in so withdrawing the cause from the jury, in that the evidence raised an issue of fact over whether or not the common-law marriage he had declared upon existed between himself and Cordelia

Fisher. The appellee, in turn, answers this presentment: (1) With the objection that appellant's claim merely raised "issues of title to real or personal property arising during administration between an administrator and the intestate's heirs, on the one hand, and a third person on the other," which neither of the trial courts had any jurisdiction to determine, citing in support of that contention these authorities: Cox v. Cox, 77 Tex. 587, 14 S.W. 201; Edwards' Heirs v. Mounts, 61 Tex. 398; Bradley v. Love, 60 Tex. 472; Wadsworth v. Chick, 55 Tex. 241; Brown v. Fleming (Tex.Com.App.) 212 S.W. 483; Johnson v. Coit (Tex.Civ.App.) 48 S.W.(2d) 397; Berry v. Barnes (Tex.Civ.App.) 26 S.W. (2d) 657; Weeks v. De Young (Tex.Civ. App.) 290 S.W. 852 (writ of error refused); Hamm v. Hutchins, 19 Tex.Civ. App. 209, 46 S.W. 873; Miers v. Betterton, 18 Tex.Civ.App. 430, 45 S.W. 430; * * * 15 Tex.Jur., 171; Jones v. State (Tex.Com. App.) 5 S.W.(2d) 973; King v. Morris (Tex.Civ.App.) 1 S.W.(2d) 605. (2) That, in any event, the evidence offered by the appellant was insufficient to raise the issue of common-law marriage between himself and the deceased, Cordelia Fisher.

Looking to the evidence first, it is the court's conclusion that it plainly raised an issue of fact over whether or not these parties had contracted a common-law marriage as claimed by the appellant; while it is deemed unnecessary to here detail or even recapitulate the large amount of testimony given upon this question, it is enough to say that—although John Rose and Cordelia Fisher were both negroes—witness after witness, many of them white people and in positions of authority over Johnnie Rose, as he was called, when an employee of Henke & Pillot, testified to having known both of the parties for many years, as well as where they lived, and that they had not only lived there for years as husband and wife, but that they passed in that community as such, bore that reputation among the people with whom they did business, for whom they worked, and with whom they associated; not only so, but that during all of this time, when they two were so living together, Cordelia not only ran their home as a housewife would have done in like circumstances, but collected Johnnie's wages at Henke & Pillot's on a running order from him to them for that purpose whenever she needed anything, either in his absence or otherwise, for carrying on their life there together, and that they frequently not only

appeared there and at other places together as husband and wife, but that he so introduced her and referred to her habitually throughout those many years.

In a word, it is clear that this testimony, under our authorities, raised the issue of fact over whether or not they were husband and wife. 3 Texas Jurisprudence, par. 741, and cited authorities; Stinnett v. Gulf, C. & S. F. Ry. (Tex.Civ.App.) 38 S.W.(2d) 615, and cases cited.

It follows that the judgment must be reversed [T. & N. O. Ry. v. Ewing (Tex. Civ.App.) 46 S.W.(2d) 398, and cited cases], unless the interposed plea to the jurisdiction of the courts below to entertain the claim at all is good; while the question may not be free from doubt, it seems reasonably clear to this court that the issue appellant raised by his claim of having in fact been the common-law husband of Cordelia Fisher was one as to the actual status of the parties themselves under the law, rather than one as to the title to any real or personal property; that if as a matter of fact it had been established that he was her husband conformably to the principles of the common law, which are recognized in Texas (28 Tex.Jur. chapter III, p. 714, pars. 17–20), his resulting relation with her would have been no different in legal consequences than if he had claimed and proved a ceremonial marriage with her; wherefore, if that deduction be sound, the question raised by the jurisdiction plea is reduced to one of whether or not the probate court in the first instance could entertain this claim of his to having been her lawful husband, to whom the "descent and distribution" statutes of the state vouchsafed an interest in the estate she died possessed of, varying with its character—that is, with whether or not it was found to be hers separately, or that of the community between them. R.S. arts. 2571 and 2578. In other words, these statutes vested—or at least recognized— some interest in appellant in the property involved whether it was community or separate, if in fact he had sustained the claimed relation to the deceased woman, hence the determination one way or the other of the antecedent fact upon which the applicability thereof depended would not seem to have been beyond the rather general power of the county court over the estates of deceased persons. Boyle v. Paul (Tex.Com.App.) 86 S.W.(2d) 744.

It is true that such a survivor is not an heir within the purview of either R.S. art.

3716, relating to testimony in actions by or against heirs, or R.S. art. 7117 (as amended by Acts 1929, 1st Called Sess., c. 50, § 1 [Vernon's Ann.Civ.St. art. 7117]), having to do with the visitation of inheritance taxes, as was held in King v. Morris (Tex. Civ.App.) 1 S.W.(2d) 605, and Jones v. State (Tex.Com.App.) 5 S.W.(2d) 973; but still his right arising by virtue of that different status is one just as much recognized by the law, and since in this instance it was asserted with reference to property in the course of administration by the probate court, no reason for holding that court initially without jurisdiction to entertain it is perceived.

These conclusions require a reversal of the learned trial court's judgment, and a remanding of the cause for another hearing; it will be so ordered.

Reversed and remanded.