**ROBINSON et al. v. STATE et al.**

No. 3623.

Court of Civil Appeals of Texas. El Paso.

June 24, 1937.

Rehearing Denied Sept. 23, 1937.

William Craig Peticolas and Sam B. Gillett, both of El Paso, for appellants.

Roy D. Jackson, Dist. Atty., and Gill Newsom and Theodore Andress, Asst. Dist. Attys., all of El Paso, for appellees.

HIGGINS, Justice (after stating the case as above).

The statute provides, in effect, that if a person dies intestate, having no heirs, such estate shall escheat to and vest in the State. Article 3272, Revised Statutes. In view of the second finding to the effect that William Bradford did not die without relatives surviving him, it cannot be said he had no heirs. It follows, therefore, the State was not entitled to judgment escheating the estate of the deceased and vesting same in the State. It is true the jury also found that Richard Bradford, the ancestor of the appellants, was not a brother of William Bradford, but this does not affect the right of the appellants to complain of the judgment rendered herein and to assert the State is not entitled thereto. In this connection we quote from the opinion of Chief Justice Pelphrey upon the former appeal in rejecting the contention of the State that interveners could not complain of the insufficiency of the evidence to show diligence to discover claimants of the estate. It was there said:

"We do not agree with appellees that appellants may not complain of the insufficiency of the evidence to show diligence to discover claimants of the estate because, if there was error, it did not injuriously affect them but affected only the rights of others who did not appeal. The state's right to a judgment in this case rested upon its compliance with the method provided by the statutes in every essential particular, and a failure to so comply can be raised by any one who was a party to the suit in the court below.

"See Wiederanders v. State, 64 Tex. 133, where appellants, who were duly cited, complained of the failure of the state to cite other parties in interest to appear and defend, as required by law. There were other claimants in the case who were not parties to the appeal, yet the court sustained the assignment and reversed the judgment."

See Robinson v. State, supra.

In his argument to the jury one of counsel for the State said: "In conclusion let me say this: we have on one side here a group of people asking for something; on the other side we have the State of Texas asking for remedy; it has been the duty, you said you could do * * * and you are to consider the testimony in the same light in favor of the State of Texas, that is rightfully taking this money, or now seeks to quiet its title to this sum of money, to which the State of Texas is entitled under the statutes of this state; I say the State is entitled to just the same amount of consideration and so I say, that question No. 2 should be answered 'yes,' that William Bradford died without leaving relatives, and the converse question No. 4, should be answered 'no,' * * * the next question 'no,' that Richard James Bradford was not the brother of this William Bradford,

whose estate is in controversy here. * * *"

This argument adroitly informed the jury of the effect of their answers to the questions submitted, and appealed to the jury to answer the same in such manner as would result in judgment in favor of the State. It is unnecessary to cite authority in support of the view that argument of such character is improper and reversible. It is true the jury did not answer question No. 2 as counsel for the State sought to have it answered, but they did answer question No. 4 as he had requested the jury to do. We cannot determine what effect the improper argument had upon the jury in prompting them to answer question 4 in the negative, but it is not unlikely they were influenced so to do by the argument in question. We hold such argument to be reversible.

Other propositions submitted by the appellants question the sufficiency of the evidence to support the findings made in response to questions 1 and 4. The judgment must be reversed for the errors heretofore indicated, and for that reason it would be inappropriate to discuss the evidence upon the issues. Suffice it to say, we regard the evidence as raising the issues submitted in questions 1 and 4, and that such issues were properly submitted to the jury.

In view of the retrial, we desire to make an additional observation: As heretofore stated, the statute authorizes escheat proceedings when a person dies intestate having no heirs. People frequently die intestate without direct heirs, and such fact ordinarily can easily be proven. But it is hardly conceivable that a person should die without leaving remote collateral heirs who would inherit his estate under article 2570, R.S. Certainly it would be very difficult, and perhaps impossible, to prove with any degree of certainty that a person had died without remote collateral heirs who would inherit his estate under said article. But it frequently happens that a person dies intestate and without any known heirs, and without any heirs who can be ascertained by the exercise of reasonable diligence. In the popular sense such a person has died having no heirs. In submitting upon retrial the issue of whether William Bradford died having no heirs, an appropriate explanation should be given of the phrase "having no heirs." In our opinion the phrase means no known heirs, and no heirs who can be ascertained by the exercise of reasonable diligence; that is, such diligence as a reasonably diligent person would exercise in the transaction of his own business under the same or similar circumstances.

In this case Chief Justice NEALON was disqualified and did not participate in this decision.

Reversed and remanded.