## ROBINSON et al. v. STATE.

### No. 3695.

Court of Civil Appeals of Texas. El Paso.

May 19, 1938.

Rehearing Denied June 9, 1938.

McKenzie & Gamble, Sam B. Gillett, and Peticolas & Peticolas, all of El Paso, for appellants.

Roy D. Jackson, Dist. Atty., and Theodore Andress, both of El Paso, for appellee.

HIGGINS, Justice.

This is a proceeding by the State of Texas against the Unknown Heirs of William Bradford, deceased, to escheat the estate of said deceased. Tennie V. Robinson and others intervened. This is the third appeal in the case. The opinions upon the former appeals are reported in Tex.Civ.App., 87 S.W.2d 297 and Tex.Civ.App., 109 S.W.2d 559, to which we refer. Upon the last trial, which was without the aid of a jury, the Court found that William Bradford, deceased, died "'having no heirs' * * * no heirs who can be ascertained by the exercise of reasonable diligence." (109 S.W.2d page 561) Upon this and other findings made, judgment was rendered escheating the estate, from which Tennie V. Robinson and others appeal.

It is first asserted the finding stated is not a finding that William Bradford died having no heirs. Wherefore, the judgment in the State's favor was unauthorized. This proposition is ruled against appellants by the opinion reported in Tex.Civ.App., 109 S.W.2d 559. It was there held the phrase "having no heirs," means no known heirs, and no heirs who can be ascertained by the exercise of reasonable diligence. That is, such diligence as a reasonably diligent person would exercise in the transaction of his own business under the same or similar circumstances. We adhere to that ruling, and overrule appellants' first proposition.

The next proposition submitted is that the finding the interveners were not related to the deceased is against the great weight of the evidence, in that all of the evidence shows that William Bradford and Richard Bradford were brothers. We do not view the evidence in that light. The finding in question is sufficiently supported

by the evidence, and this Court would not be warranted in setting the same aside.

This disposes of all questions presented by the appellants.

Finding no error, the judgment is affirmed.

In this case Chief Justice NEALON was disqualified and did not participate.