**NORTH RIVER INS. CO. v. NEWTON.**

**No. 2008.**

Court of Civil Appeals of Texas. Waco.

June 16, 1938.

R. W. Mayo and Geo. K. Holland, both of Dallas, for appellant.

Baskett & Parks and William Fouraker, all of Dallas, and Charles Ashworth, of Kaufman, for appellee.

GALLAGHER, Chief Justice.

This suit was brought by appellee, J. C. Newton, against appellant, North River Insurance Company, to recover $1,000, the amount of a fire insurance policy issued by it on a dwelling house in the town of Kerens. The legal title to the lots on which said house was situated stood at one time in the name of H. B. Gilkey. By will, duly probated after his death, he devised the same to his third wife, Mrs. Fannie Gilkey. She died intestate, leaving appellee, J. C. Newton, and others as her legal heirs. Appellee secured the title of all the other heirs and procured an endorsement by the company recognizing him as the insured under said policy.

H. B. Gilkey was married three times. The lots on which said house stood were bought by him after the death of his first wife and before his marriage to his second wife. The house situated thereon and insured under appellant's policy as aforesaid was totally destroyed by fire after such policy was transferred to appellee.

Appellant, among other defenses, alleged that appellee was not the sole and unconditional owner of the insured property,

as required by the provisions of the policy sued on. It further alleged in that connection that the insured house stood on lots which were paid for in whole or in part with funds received by Gilkey from the sale of a lot in Corsicana, which it seems was conceded to have been the community property of Gilkey's first marriage. Appellee made no attempt to show title from or under the children of said marriage. Appellant introduced testimony in support of such defense. The court submitted a single issue, as follows:

"Do you find and believe from. a preponderance of the evidence that any of the money from the sale of the Corsicana property was used in the purchase of the Kerens lots involved herein?"

The jury answered the same in the negative and the court thereupon rendered judgment in favor of appellee against appellant for the sum of $1,000, with interest and costs. Certain parties impleaded by appellant were denied any recovery. None of them were made parties to this appeal.

Appellant presents as ground for reversal an assignment complaining of alleged improper argument by one of appellee's attorneys. The bill of exceptions shows that one of appellee's attorneys, in his opening speech to the jury, said, in substance, that if they found that any money from the sale of the Corsicana property was used in the purchase of the Kerens lots, that appellant would not have to pay anything, and that appellant had brought the Tarkingtons into the case to try to show that some of the money from the Corsicana property went into the purchase of the Kerens lots. (Mrs. Tarkington, a child of H. B. Gilkey and his first wife, with her husband, was impleaded by appellant and she testified in its behalf that the Kerens lots were bought in whole or in part with the proceeds of the sale of the Corsicana property.) Appellant objected to the argument above recited but the court overruled such objection and appellant promptly excepted.

 Reasonable latitude must be allowed counsel in arguing a case submitted on special issues. He may discuss the evidence in the light of such issues and insist that under the same certain issues should be answered in the affirmative and others in the negative. Texas & N. O. R. Co. v. McGinnis, Tex.Com.App., 109 S.W. 2d 160, 164, pars. 6 and 7; Dallas Ry. & Terminal Co. v. Bankston, Tex.Com.App., 51 S.W.2d 304, 310, par. 14. It is improper,

however, for counsel to present argument which informs the jury the effect their answers will have upon the judgment to be rendered, or which is reasonably calculated to cause the jury first to agree upon the result desired to be accomplished and then designedly return answers intended to accomplish such result. Dallas Ry. & Terminal Co. v. Bankston, supra, page 310, par. 15, and authorities there cited; Texas & N. O. R. Co. v. McGinnis, supra, page 164, par. 7; Robinson v. State, Tex.Civ.App., 109 S.W.2d 559, 560, par. 2; Texas Employers' Ins. Ass'n v. Rowell, Tex.Civ.App., 104 S.W.2d 613, 616, pars. 5 and 6, and authorities there cited; Texas Indemnity Ins. Co. v. Montgomery, Tex.Civ.App., 100 S.W.2d 385, 387, par. 3, and authorities there cited. . The argument complained of was improper and requires the reversal of the judgment.

All of the other assignments presented by appellant complain of matters which will not necessarily arise in the same way, if at all, upon another trial.

The judgment of the trial court is reversed and the cause is remanded.