Florence Elizabeth **HARTELY**, a Feme Sole, et al., Appellants,

**v.**

**LANGDON & COMPANY** et al., Appellees.

No. 13704.

Court of Civil Appeals of Texas.

Houston.

May 4, 1961.

Rehearing Denied June 8, 1961.

750

John D. Richardson, Richard W. Ewing, Houston, for appellant.

Bailey & Blum, Ben Blum, Carl & Lee, Emory Carl, Houston, for appellee.

WERLEIN, Justice.

This is an appeal from a summary judgment granted appellees, nunc pro tunc, as of May 18, 1960 in an action brought by appellants, allegedly the paternal heirs of Charles J. H. Illies, Deceased, in the nature of a bill of review, to set aside a judgment in Cause No. 327,464 entered May 23, 1946 in the District Court of Harris County, Texas, in a trespass to try title suit, styled Langdon & Company v. The Unknown Heirs of Charles J. H. Illies, Deceased, involving 127.2 acres in Harris County, Texas, and to set aside certain deeds executed by parties who had been adjudged to be the heirs of said deceased. It is undisputed that Langdon & Company and the other appellees as successors in title hold the land in question by conveyance from all persons that were determined by the probate court of Galveston County to be "* * * the only heirs of Charles J. H. Illies, Deceased, ascertained and who can be ascertained by the exercise of reasonable diligence." The probate court found in effect that there were no paternal heirs.

For convenient reference nine of the fourteen appellants, to wit: Mrs. Edna Irene Kain, Mrs. Katie Elizabeth Cameron, Mrs. Doris Muriel Hotchin, Edward George Thomas Illies, Hilda Catherine Jessie Jensen, Allan White, Leonard White, Malcolm White, and Jack White, will be referred to herein as the Kain appellants, and the other five, to wit: Florence Elizabeth Hartely, Edward Herman Kuerschner, Mrs. Alice Victoria Swanson, Mrs. Jessie Louise Angell, and Mrs. Ethel Annie Williams, will be referred to as the Hartely appellants. Appellee, Langdon & Company, will sometimes be referred to as Langdon, and the other appellees, Marion M. Hazard, Texas & Louisiana Building & Loan Association, and Texas & Louisiana Lumber Company and Terrace Oaks Corporation, will be referred to herein as Hazard et al. Another defendant, Perforating Guns Atlas Corporation, was dismissed by plaintiffs and is not before this Court.

Appellants first assert that the judgment rendered in Cause No. 457,262 is not, and was not pleaded by appellees as, res adjudicata as to the five Hartely appellants and that the summary judgment if based thereon constitutes error as to such appellants. Appellees apparently do not

deny such assertion but they do contend that the judgment in Cause No. 457,262, which was also an action in the nature of a bill of review to set aside the judgment in Cause No. 327,464, is a complete defense to all relief sought by the Kain appellants.

The instant suit was filed November 30, 1959. In said Cause No. 457,262, styled Edward George Thomas Illies et al. v. Langdon & Company et al., in the District Court of Harris County, a judgment was entered on October 28, 1958 in which it was decreed that plaintiffs take nothing. The Kain appellants were plaintiffs in that suit, and the defendants in the instant suit were some of the defendants in that suit. The five Hartely appellants in this suit were sued in Cause No. 457,262 as nonresident defendants residing in Australia, but it does not appear whether they were served with citation by publication as prayed for by plaintiffs in said cause.

Both Langdon and Hazard et al. in their respective motions for summary judgment, set up as res adjudicata as against the Kain appellants the judgment in Cause No. 457,-262. We have carefully and tediously compared the lengthy petition in Cause No. 457,262 with that filed in the instant suit and find there is no material difference in the allegations in such suits, and that the causes of action and relief sought are identical in so far as the Kain appellants are concerned. We are of the opinion, therefore, that the judgment in Cause No. 457,262 constitutes a complete defense against the claim of the Kain appellants in the present suit. The general principle applicable here is well stated by the U. S. Supreme Court in State of Oklahoma v. State of Texas, 256 U.S. 70, 41 S.Ct. 420, 422, 65 L.Ed. 831, as follows:

"* * * a question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris is conclusively settled by the final judgment or decree therein so that it cannot be further litigated in a subsequent suit between the same parties or their privies, whether the second suit be for the same or a different cause of action."

See also Stephenson v. Miller-Link Lumber Co., Tex.Com.App.1925, 277 S.W. 1039; Davis v. First Nat. Bank of Waco, 1942, 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1; 26 Tex.Jur., pp. 11–12, Judgments, § 353.

■ There is no merit in appellants' Points 3 and 4 in which they assert that there is a genuine issue of a material fact raised as to whether the judgment in Cause No. 457,262 is a valid and final judgment. No direct attack is made in this suit upon such judgment. The contention made by appellants in their answer to the motions for summary judgment and in their answer to the request for admissions, that said judgment was obtained by fraud, is at most an attempt to attack collaterally such judgment for alleged fraud, which at best would render the judgment merely voidable and not void. Since the court rendering such judgment had jurisdiction of the parties and subject matter, such judgment could be attacked only in a direct proceeding. Ringgold v. Graham, Tex.Com. App.1929, 13 S.W.2d 355, and authorities cited; Gehret v. Hetkes, Tex.Com.App. 1931, 36 S.W.2d 700.

■ Langdon has also pleaded other defenses which bar recovery by the Kain appellants. In 1955 said appellants filed a petition for certiorari in the District Court of Galveston County, No. 84,785 on the docket of said court, to review the probate proceedings in the Estate of said Charles J. H. Illies, Deceased, No. 10,250 on the docket of the County Court of Galveston County, Texas, and to set aside certain orders of the Probate Court determining that the sole heirs of said deceased were certain individuals named therein, not including any of the appellants herein, but

including all the parties who conveyed the real estate involved in the present suit to Langdon. Langdon & Company is the only one of the appellees in the instant case that was a defendant in said certiorari proceedings. Thereafter, on November 4, 1958, the Kain appellants dismissed such certiorari proceedings as against Langdon with prejudice. Such dismisssal has the same effect as to Langdon as would a finding between the parties that the Kain appellants are not heirs of the deceased, thus precluding any further litigation between such parties with respect to heirship in the present suit.

The evidence also shows that on October 23, 1958, shortly before Cause No. 84,785 was dismissed as to Langdon, P. J. Montalbo, as agent and attorney in fact for the Kain appellants, conveyed to Langdon & Company with statutory warranty the land involved in the present suit, and that checks aggregating $8,500 were delivered to him as trustee or agent and attorney in fact for said appellants.

Appellants contend that the court erred in granting the motions of Langdon and Hazard et al. for summary judgment because the judgment and orders in the Estate of Charles J. H. Illies, Deceased, No. 10,250 in the County Court of Galveston County, are void and hence not res adjudicata as to the Hartely appellants. They are attacking collaterally and not directly the proceedings in the probate court of Galveston County. Unquestionably the County Court of Galveston County had exclusive jurisdiction to find and declare who were the heirs of the deceased. Since it had jurisdiction of the matter and the power to hear and determine, its judgment, although erroneous, is not void. Acting within its Constitutional and statutory powers, the probate court is a court of general jurisdiction, and when so acting its judgments are as immune from collateral attack as are those of the District Court when acting

within the powers conferred on it by law. Dallas Joint Stock Land Bank of Dallas v. Forsyth, Tex.Com.App., 130 Tex. 563, 109 S.W.2d 1046.

Probate courts are authorized to find and declare who are the heirs of deceased persons and also have jurisdiction to partition and distribute estates. Articles 3590–3597, R.C.S.1925.[1] See also Burton v. McGuire, Tex.Com.App., 41 S.W.2d 238, in which it was held that all reasonable presumptions should be indulged in favor of the validity of a judgment, and on collateral attack against a partition judgment rendered in administration proceedings, it will be presumed that the court made inquiry to ascertain if it had before it all of the heirs of the deceased. See 18 Tex.Jur.2d 83, where it is stated:

"It is a well established general rule that a judgment, order, or decree of a probate court is as immune from collateral attack as is the judgment of any other court acting within the scope of its jurisdiction, and may not be collaterally questioned unless the records show that the court was without jurisdiction."

See also Morris v. Williams, Tex.Civ.App., 92 S.W.2d 541, writ ref.; Article 5, Sec. 16, Texas Constitution, Vernon's Ann.St.

While the probate court does not have jurisdiction to adjudicate title, there is no question that it does have jurisdiction to determine heirship as an incident to the settlement of the estate of a decedent. Pierce v. Foreign Mission Board of Southern Baptist Convention, Tex.Com.App., 235 S.W. 552; Rose v. Fisher's Estate, Tex.Civ.App., 91 S.W.2d 476; Zamora v. Gonzalez, Tex.Civ.App., 128 S.W.2d 166, writ ref. The probate proceedings and orders which appellants now seek to attack collaterally were all before the District Court in Cause No. 327,464 and together with other evidence adduced at the trial amply support the judgment which

1. Now V.A.T.S. Probate Code, § 48 et seq.

appellants seek to set aside in the present case.

■ Appellants also contend that the judgment and orders of the Probate Court adjudicating heirship and distribution of the Illies estate are not final since the Kain appellants filed said petition for writ of certiorari in the District Court of Galveston County on April 14, 1955, in Cause No. 84,785, alleging the invalidity of such judgment and orders, and such cause of action is still pending so that the probate judgment and orders cannot be res adjudicata as to any of the Hartely appellants. We need not decide whether the Hartely appellants, who are numbered among the defendants in said cause, could now file therein a cross-action against the plaintiffs and the other defendants to test the validity of the probate court judgment and orders. It is sufficient to say that since such cause of action was dismissed with prejudice as to Langdon on November 4, 1958, more than two years ago, and the other appellees in the present suit were never parties in said certiorari proceeding but merely hold under Langdon, the Hartely appellants may not now either in Cause No. 84,785 or in a separate action of certiorari contest the validity of said judgment and orders insofar as appellees are concerned. It will be noted also that on May 23, 1946, when the judgment in Cause No. 327,464, now being attacked, was entered, it was the only judgment that could have been entered since the probate proceedings had become final and no action had been brought to review the same by certiorari.

Section 30 of the Texas Probate Code, V.A.T.S., which became effective January 1, 1956, provides:

"Any person interested in proceedings in probate may have the proceedings of the County Court therein revised and corrected at any time within two years after such proceedings were had, and not afterward. Persons non compos mentis and minors shall have two years after the removal of their respective disabilities within which to apply for such revision and correction."

■■ Prior to January 1, 1956 married women could obtain review by certiorari until the expiration of two years after the removal of their disabilities of coverture. Section 30 of the Probate Code does not exempt married women from the requirement that a proceeding for such review must be brought within two years. The Hartely appellants, some of whom appear to be married women, have never undertaken to review the probate orders in question by certiorari although more than five years have passed since the effective date of the Probate Code. They may not do so now. The law is well settled that the legislature may change or shorten periods of limitation or make a statute of limitation where none existed before, provided a reasonable time is accorded for the commencement of suit before the bar takes effect. Boon v. Chamberlain, 82 Tex. 480, 18 S.W. 655; Cathey v. Weaver, Tex.Civ.App., 193 S.W. 490, affirmed 111 Tex. 515, 242 S.W. 447; Wright v. Hardie, 88 Tex. 653, 32 S.W. 885. In our opinion the Hartely appellants have not commenced certiorari proceedings within a reasonable time after the effective date of the Probate Code. The application of the provisions of the Probate Code to any further procedure by them in connection with said probate proceedings could not as a matter of law work injustice or be held not feasible. Sec. 2 (a), Texas Probate Code.

■ We find no merit in appellants' contention that the orders of the Probate Court are void because the court, having found there were no paternal kin of the deceased Charles J. H. Illies, distributed all the property to the maternal heirs instead of ordering that the moiety which would have gone to the paternal heirs, had there been any, should escheat to the State of Texas. Our Supreme Court, at least by implication, has passed upon such

contention in Laros v. Hartman, 152 Tex. 518, 260 S.W.2d 592, since it then had before it the determination of heirship made by the Probate Court in the Illies estate. No question was raised as to the validity of the probate proceedings on the ground that the Probate Court failed to order that one-half of the estate escheat to the State for lack of paternal heirs.

Article 3272, Vernon's Ann.Tex.Civ.St., provides in effect that if any person dies intestate, possessing an estate, and "having no heirs", then the estate shall escheat to and vest in the State. Under that statute, no part of the Illies estate could escheat to the State of Texas because the court in the probate proceedings ascertained that there were heirs.

Section 38(a) 4 of the Texas Probate Code, formerly Article 2570, V.A.T.S., provides:

"If there be none of the kindred aforesaid, then the inheritance shall be divided into two moieties, one of which shall go to the paternal and the other to the maternal kindred, in the following course: to the grandfather and grandmother in equal portions, but if only one of these be living, then the estate shall be divided into two equal parts, one of which shall go to such survivor, and the other shall go to the descendant or descendants of such deceased grandfather or grandmother. If there be no such descendants, then the whole estate shall be inherited by the surviving grandfather or grandmother. If there be no surviving grandfather or grandmother, then the whole of such estate shall go to their descendants and so on without end, passing in like manner to the nearest lineal ancestors and their descendants."

The last provision in said Article which is applicable to the Illies estate, since there was no surviving grandfather or grandmother, refers to the whole estate of the deceased which goes to the nearest lineal ancestors and their descendants and does not refer to moieties. The words, "the whole estate", should be given the same construction as the same words are given in Section 38(a) 3. 39 Tex.Jur. 201, § 108. Such construction accords with the purpose of statutes of descent and distribution to regulate the division of estates among heirs according to principles of equality and equity. 16 Amer.Jur., p. 776, Sec. 10.

Under this construction the Probate Court has the authority and jurisdiction to award and distribute all the estate of a decedent to either the paternal or maternal kindred of the decedent if there are none on the other side. We think the opinion of Chief Justice Roberts in the case of McKinney v. Abbott, 49 Tex. 371, gives support to this construction, where he stated:

"With the explanation thus furnished by the said tenth section [of a prior law], there could be no doubt but that, in the contingency contemplated by this fourth subdivision, the moieties of the inheritance should go to the paternal and maternal kindred respectively, although the kindred of one side might be more remote than those upon the other, *so long as any such existed to take the moiety allotted to each side.*" (Emphasis supplied.)

The case of Witherspoon v. Jernigan, 97 Tex. 98, 76 S.W. 445, relied upon by appellants, merely holds that where there are both paternal and maternal kindred, the estate is divided into two moieties. It does not suggest what disposition of the estate should be made if there are kindred on only one side. See the case of Young v. Smithers, 181 Ky. 847, 205 S.W. 949, 950, where, in construing a statute similar to the Texas statute, the court stated:

"When there is no descendant, no father or mother, brother or sister, or descendants, then the estate passes to

the paternal and maternal kindred in equal moiety, if there be such kindred upon the respective sides; if not, then the whole estate will pass to the kindred on the side which survives, if any there be."

It is our view that the County Court had authority and jurisdiction to declare that the maternal heirs of the deceased were his only heirs and as such they were entitled to the property belonging to the estate. In ascertaining whether heirs on one side or the other of the family tree exist, courts should follow the rule of reasonable diligence as enunciated in the opinion of Judge Higgins in Robinson v. State, Tex.Civ.App., 117 S.W.2d 809, error ref., as follows:

"It is first asserted the finding stated is not a finding that William Bradford died having no heirs. Wherefore, the judgment in the State's favor was unauthorized. This proposition is ruled against appellants by the opinion reported in Tex.Civ.App., 109 S.W.2d 559. It was there held the phrase "having no heirs," means no known heirs, and no heirs who can be ascertained by the exercise of reasonable diligence. That is, such diligence as a reasonably diligent person would exercise in the transaction of his own business under the same or similar circumstances. We adhere to that ruling, and overrule appellants' first proposition."

The record before us shows that the Probate Court found that the maternal heirs were "the only heirs of Charles J. H. Illies, Deceased, ascertained and who can be ascertained by the exercise of reasonable diligence."

Appellants contend that the judgment in Cause No. 327,464 should be set aside because of extrinsic fraud on the part of Langdon & Company or its attorney or the attorney appointed to represent the defendants cited by publication therein, for the reason that they failed to point out to the court that the Probate Court judgment and orders were void, and for the further reason that Langdon & Company knew the names and whereabouts of the parties cited by publication and concealed such information from the court. The law is well settled that fraud which will support a bill of review must be extrinsic fraud as distinguished from intrinsic fraud. Intrinsic fraud relates to the merits of the issues which were presented and presumably were or should have been settled in the former action. Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983; 24 Texas Law Review 223; Crouch v. McGaw, 1940, 134 Tex. 633, 138 S.W.2d 94; Alexander v. Hagedorn, 1950, 148 Tex. 565, 226 S.W.2d 996. In Crouch v. McGaw, the court stated [134 Tex. 633, 138 S.W.2d 97]:

"Fraud must be extrinsic to justify the setting aside of a judgment, and must be collateral to the matter tried, and not something which was actually or potentially in issue in the trial; unless the presentation of such defense was prevented by fraud, accident, or act of the opposing party, without fault or negligence of the party against whom the judgment was rendered."

We have carefully examined the plaintiffs' sworn petition for bill of review and the affidavits filed herein, and have been unable to find any allegations or proof of extrinsic fraud on the part of Langdon & Company or its attorney or the attorney appointed by the court to represent the defendants cited by publication that would warrant or permit the setting aside of the judgment rendered in Cause No. 327,464. The court had before it the judgment and orders of the Probate Court during the trial of said cause and impliedly approved the same in granting judgment in favor of Langdon. The judgment determining heirship is not void. Its validity was necessarily passed upon by the court in Cause No. 327,464.

In Kelly v. Wright, supra, our Supreme Court said [144 Tex. 114, 188 S.W.2d 985]:

"It is at least a novel contention that one who fails to furnish his adversary with proof of a fact he is disputing in a law suit is guilty of actionable fraud. Even perjury itself is ordinarily not sufficient for setting aside a former judgment. Yount-Lee Oil Co. v. Federal Crude Oil Co., Tex. Civ.App., 92 S.W.2d 493; Elder v. Byrd-Frost, Inc., Tex.Civ.App., 110 S.W.2d 172; * * *"

Even if the Probate Court's orders were invalid, the failure of Langdon & Company to point out the invalidity thereof would not have been fraud on the part of Langdon & Company since the probate judgment and orders were before the court and the court was fully advised of their contents.

In Cause No. 327,464, the attorney representing Langdon & Company on his oath stated, " * * * that the names of the heirs of Charles J. H. Illies, Deceased, except those excepted in Paragraph V of said petition [the maternal heirs], are unknown to affiant, and unknown to plaintiff." In the affidavit of Pat N. Fahey, introduced in evidence in this cause, the affiant states that he made the affidavit for citation by publication in Cause No. 327,464, and that he did not know any of the names and addresses or whereabouts of any of the unknown heirs, if any, cited by publication in said law suit, and that he did not know of the whereabouts of the following named persons [the 14 appellants in the present cause], and that their whereabouts or their names could not have been ascertained by him, or anyone else, by the use of reasonable diligence.

It is our opinion that the allegation in the petition of the appellants in this case that "said Langdon & Company knew the names and places of residence of plaintiffs herein or could have ascertained, by the use of reasonable diligence, their names and places of residence from the maternal heirs with whom it was dealing," is no more than a conclusion on the part of appellants. It states no facts in denial of Mr. Fahey's definite sworn statement subsequently made and filed in this cause by appellees. The affidavit filed by one of the attorneys of appellants, A. L. Crystal, merely states:

" * * * Plaintiffs *contend* that Langdon & Company had knowledge of the whereabouts of said defendants cited by publication, and should have served said defendants in person, to put them on notice of said suit rather than to cite said defendants by citation by publication." (Emphasis supplied.)

Such contention does not constitute a positive sworn statement of any facts in denial of the affidavit filed by appellees.

Moreover, when the judgment was entered in Cause No. 327,464 on May 23, 1946, it was the duty of the court in publication cases under Rule 109, Texas Rules of Civil Procedure, which was then effective, to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendants or to obtain service of nonresident notice, as the case may be, before granting any judgment on such service. The matter of the sufficiency of the diligence used was then squarely before the court and hence clearly intrinsic to the judgment. The able trial judge necessarily determined such sufficiency by entering judgment for the land in question in favor of Langdon. Weston v. Van Meter, Tex.Civ.App., 297 S.W.2d 302.

In view of what is said above and our conclusion that the trial court did not err in rendering summary judgment herein, we consider it unnecessary to discuss appellees' counter-points with respect to this suit being barred by the four year limitation statute and the alleged settlement for

$5,000 and release by the Hartely appellants of their interest in the Illies estate.

Judgment affirmed.

On Motion for Rehearing.

 Appellants have directed our attention in their motion for rehearing to language in our opinion which seems to hold that the last provision in Sec. 38(a) 4 of the Texas Probate Code does not recognize two separate moieties which must be distributed separately. Our language is subject to such construction and hence requires explanation. While such provision does not mention the word "moieties," it is our view that in referring to "the whole of such estate," such provision was actually intended to include only the whole of the moiety going to the paternal or maternal kindred, if any, as explained in McKinney v. Abbott, 49 Tex. 371. As stated in that case, the tenth section of the Act of 1840 was entirely omitted in the Act of 1848, presumably " * * * because in the latter act an entirely different and more beneficial provision was made for the descent of the inheritance upon the wife or husband." It seems reasonable to presume that no change was intended by the omission except to prevent the spouse from taking where there were no heirs to take either moiety. We can perceive of no good reason for repealing the provision directing that if there should be " * * * no such kindred on the one part, the whole shall go to the other part; * * *"

We think the Legislature, in providing in Sec. 38(a) 4 that the estate shall be divided into two moieties, one of which shall go to the paternal and the other to the maternal kindred, contemplated such division only in the event of kindred on both sides. If there are kindred on only the one side, then there could be no object in dividing the estate because there would be none to take on the other side. The title to the entire estate of the deceased must vest somewhere. It cannot rest in nubibus or in gremio legis, and it cannot escheat to the State under Article 3272, V.A.T.S. The disposition of the property made in this case is in accord with the presumed intention of the Legislature to regulate the distributing of estates among heirs of decedents so long as there are heirs on either the paternal or maternal side.

Motion for rehearing is overruled.