**Ruth Walker GOLDEN et al., Appellants,**

v.

**Jim Allen YORK et al., Appellees.**

**No. 14514.**

Court of Civil Appeals of Texas.

San Antonio.

Sept. 28, 1966.

Rehearing Denied Oct. 26, 1966.

Guilford L. Jones, Big Spring, Owen H. Ellington, El Paso, for appellants.

Ralph William Scoggins, El Paso, Paul Worden, McKinney, and Fred J. Morton, El Paso, for appellees.

MURRAY, Chief Justice.

This appeal calls for an interpretation and construction of § 38(a), paragraph 4, of our Probate Code, V.A.T.S., reading as follows:

"If there be none of the kindred aforesaid, then the inheritance shall be divided into two moieties, one of which shall go to the paternal and the other to the maternal kindred, in the following course: To the grandfather and grandmother in equal portions, but if only one of these be living, then the estate shall be divided into two equal parts, one of which shall go to such survivor, and the other shall go to the descendant or descendants of such deceased grandfather or grandmother. If there be no such descendants, then the whole estate shall be inherited by the surviving grandfather or grandmother. If there be no surviving grandfather or grandmother, then the whole of such estate shall go to their descendants, and so on without end, passing in like manner to the nearest lineal ancestors and their descendants".

Newton F. Tidwell died intestate on the 11th day of June, 1962, and was survived by neither spouse, children, father, mother, brother nor sister. The paternal grandparents were deceased, and the deceased was survived on the paternal side by 83 persons who are descendants of his great grandfather. The maternal grandparents were likewise deceased and the decedent was survived by 9 persons who are descendants of his maternal grandparents.

On July 7, 1964, an application to declare heirship was filed by the maternal kindred and proper notice given. On September 17, 1964, judgment was entered declaring the nine maternal kindred to be the heirs at law of decedent, and further providing for a partial distribution of the estate.

On December 2, 1964, an application was made for partition and final distribution of the estate to the maternal kindred, and an order was entered setting a hearing thereon. Prior to a hearing of such application, a motion to show cause was filed by Joe Tidwell, one of the paternal kindred of de-

cedent. Thereafter, on March 26, 1965, there was filed an application to set aside the judgment of September 17, 1964. On April 9, 1965, an agreed statement of facts was filed, and there was an amended judgment bearing the same date, which was not filed of record until June 29, 1965, amending the judgment of Sept. 17, 1964, requiring the estate to be divided into two moieties, with one moiety to the maternal kindred and the other to the paternal kindred. No appeal was taken from the judgment of September 17, 1964, and the latter judgment was rendered at a subsequent term of the court.

There was no dispute as to the facts. The maternal kindred were descendants of decedent's maternal grandparents, and the paternal kindred were the descendants of his great grandfather. Appellants, who are the maternal kindred, contend they should inherit the entire estate because they are closer kin to decedent than are the appellees, who are another step removed from decedent. This exact question was decided in McKinney v. Abbott, 49 Tex. 371, in an opinion written by Chief Justice O. M. Roberts, "The Old Alcalde." This case has never been overruled or modified by the Supreme Court.

The trial court properly divided the estate into two equal moieties and gave one to the maternal kindred and one to the paternal kindred, even though they were a degree further removed from decedent than were the maternal kindred.

Appellants contend that the judgment of September 17, 1964, had become final and could not be set aside or amended at a subsequent term of the court. We do not agree. Section 31 of the Probate Code provides as follows:

"Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised and corrected on showing error therein; but no process or action under such decision, order or judgment shall be stayed except by writ of injunction, and no bill of review shall be filed after two years have elapsed from the date of such decision, order, or judgment. Persons non compos mentis and minors shall have two years after the removal of their respective disabilities within which to apply for a bill of review."

The pleadings filed by appellees were sufficient to constitute a bill of review as provided for in Sec. 31, although they were called something else. Schoenhals v. Schoenhals, Tex.Civ.App., 366 S.W. 2d 594. The appellants did not except to the pleadings and proceeded to stipulate to all the facts upon which the matter was heard. They are not now in a position to complain of the pleadings. Scott v. Slaughter, 97 Tex. 244, 77 S.W. 949.

The judgment of the trial court is affirmed.