Stella Highsmith **LEWIS** et al., Appellants,

v.

The **FIRST NATIONAL BANK OF MID-LAND**, Texas, Administrator of the Estate of Myrtle Cato Mendel, Deceased, et al., Appellees.

No. 6046.

Court of Civil Appeals of Texas.

El Paso.

Sept. 17, 1969.

Fred C. Chandler, Sr., Ozona, for appellants.

Hart Johnson, Fort Stockton, Ben Goodwin, Tyler, Barkley, Cutcher & Alderson, Taylor, Thompson, Knight, Simmons & Bullion, J. P. Jones, Dallas, Turpin, Smith, Dyer, Hardie & Harman, Midland, for appellees.

## OPINION

WARD, Justice.

This is an appeal from an action in District Court of Pecos County, Texas to declare the heirship of Myrtle Cato Mendel, deceased, on the maternal, or Highsmith, line of the family. This portion relating to the maternal line of the family was severed from that portion of the controversy relating to the paternal line, which case is also now pending on appeal. The trial court determined that the appellants are not heirs at law of the deceased.

The transcript and statement of facts in this appeal was filed in the office of the Clerk of this court on March 17, 1969, and the appellants' brief was due for filing herein on or before April 16, 1969. On June 9, 1969 the appellants made application for permission to file their brief, and again, on July 2, 1969, filed their second motion for permission to file their brief. Both motions were denied by this court, the motions being in terms remarkably similar to the unsuccessful motion set forth in Lee v. Owen, 404 S.W.2d 84 (Tex.Civ. App., San Antonio 1966, no writ).

Appellees now urge that the appeal should be dismissed or, in the alternative, that the judgment of the trial court should be affirmed. We are of the opinion that the appellees are entitled to have the judgment of the trial court affirmed. Rule 415, Texas Rules of Civil Procedure, provides that where an appellant has failed to file his brief in the time prescribed, the court may decline to dismiss the appeal, whereupon it shall give such direction to the cause as it may deem proper. We have reviewed the record to determine if fundamental error exists, and we have found none. Julian v. Carrollton Independent School District, 346 S.W.2d 189 (Texarkana Civ.App., no writ).

Myrtle Cato Mendel died intestate and left no surviving children or their descendants, no surviving brothers or sisters or their descendants, no surviving father or mother, and no surviving husband. On the maternal line of the family, the case now before us, there was no surviving grandfather or grandmother. To determine her heirs at law herein, the case is controlled by the last sentence of § 38, subsection (a), paragraph 4 of the Texas Probate Code, Vol. 17A, Vernon's Annotated Civil Statutes:

"* * * If there be no surviving grandfather or grandmother, then the whole

of such estate shall go to their descendants, and so on without end, passing in like manner to the nearest lineal ancestors and their descendants."

It is undisputed in the record—in fact it is stipulated—that the appellees are among the direct lineal descendants of the deceased maternal grandparents of Myrtle Cato Mendel. They are all descendants of the brothers and sisters of Bennie Alberta Highsmith Cato, who was the mother of Myrtle Cato Mendel. Sarah A. McCutcheon Highsmith was the mother of Bennie Alberta Highsmith Cato and the mother of said brothers and sisters of Bennie Alberta Highsmith Cato. Sarah's husband was Henry Albert Highsmith. It is further stipulated that the appellants are the descendants of brothers and sisters of Sarah A. McCutcheon Highsmith, deceased, who was the maternal grandmother of Myrtle Cato Mendel. The appellees, being among the surviving descendants of the deceased grandparents of Myrtle Cato Mendel, therefore inherit the estate of Myrtle Cato Mendel on the maternal side, to the absolute exclusion of the appellants, who are only descendants of the deceased brothers and sisters of such deceased grandparent. Jones v. Barnett, 30 Tex. 637, 638; McKinney v. Abbott, 49 Tex. 371. The first case holds that the search for heirs of the intestate ended when descendants of the grandparents are found. The second decision stands for two principles of law. One is that the estate must be divided into moieties and that the search for heirs must be continued in each branch until the first descendants of the deceased's ancestors in each branch are found, who will then inherit that half of the estate. The other is that the search for descendants of an ancestor of the deceased stops when such an ancestor is found, and does not continue "and so on without end". In other words, the phrase, "and so on without end", in the statute means "and so on up the lineal line of ancestry until an ancestor who is survived by descendants, who also survived the deceased intestate is found, at which point the search ends." When this is applied to the estate of Myrtle Cato Mendel, on the maternal side, it means that when surviving descendants of her maternal grandparents, Sarah A. and Henry Albert Highsmith, are found, the search ends. These are the appellees. There is no reason to look for descendants of her great-grandparents. These are the appellants. See Hartely v. Langdon & Company, 347 S.W.2d 749 (Tex.Civ.App., Houston 1961, no writ); Golden v. York, 407 S.W.2d 293 (Tex.Civ.App., San Antonio, approved by Supreme Court in 410 S.W.2d 181); 9 Texas Practice, Wills, § 43.

The judgment of the trial court is affirmed.