STATE of Texas, Appellant,

v.

ESTATE of Mrs. J. A. LOOMIS, Deceased, Appellee.

No. 1019.

Court of Civil Appeals of Texas, Tyler.

May 19, 1977.

Rehearing Denied June 23, 1977.

John L. Hill, Atty. Gen., Anthony J. Sadberry, Asst. Atty. Gen., Austin, for appellant.

Alma L. Lopez, San Antonio, for appellee.

MOORE, Justice.

This appeal calls for an interpretation and construction of the last sentence of Section 38(a)(4) of the Texas Probate Code which reads as follows:

"If there be none of the kindred aforesaid, then the inheritance shall be divided into two moieties, one of which shall go to the paternal and the other to the maternal kindred, in the following course: To the grandfather and grandmother in equal portions, but if only one of these be living, then the estate shall be divided into two equal parts, one of which shall go to such survivor, and the other shall go to the descendant or descendants of such deceased grandfather or grandmother. If there be no such descendants, then the whole estate shall be inherited by the surviving grandfather or grandmother. *If there be no surviving grandfather or grandmother, then the whole of such estate shall go to their descendants, and so on without end, passing in like manner to*

*the nearest lineal ancestors and their descendants.*" (Emphasis supplied.)

Mrs. J. A. Loomis a/k/a Sue A. Loomis died intestate on the 18th day of May 1974 and was not survived by a husband, children, father, mother brothers or sisters. The paternal grandparents both predeceased Mrs. Loomis, leaving no descendants. On the maternal side, both grandparents were deceased at the time of the death of Mrs. Loomis, but left surviving them thirty-one persons as their descendants.

On December 11, 1975, an application to declare heirship was filed by the administrator of the estate of Mrs. Loomis and proper notice was given. The administrator alleged that thirty-one maternal heirs were known to be living but after an extensive search he was unable to locate any paternal heirs. On January 21, 1976, the State of Texas appeared by and through its Attorney General and filed a Plea of Intervention and Answer alleging that in the event no paternal heirs were located, the portion of the estate allotted to them should be held to escheat to the State as provided for in Article 3272, et seq., Tex.Rev.Civ.Stat.Ann. After a trial before the court without a jury, the trial court entered judgment awarding the entire estate to the thirty-one persons who were descendants of the decedent's maternal grandparents. The State of Texas perfected this appeal.

We affirm.

The facts are not in dispute. The decedent left tangible personal property consisting of cash in the amount of $25,085.93. There were thirty-one maternal kindred who were descendants of the intestate decedent's maternal grandparents and there were no descendants of the intestate's paternal grandparents.

By two points of error the State contends that since there was a default of heirs in the paternal line, the trial court erred holding that the one-half of the decedent's estate destined for the paternal heirs passed to the maternal line of heirs and erred in refusing to hold that such one-half escheated to the State. The State argues that

where none of the kindred mentioned in Section 38(a)(1–3) exist then Section 38(a)(4) of the Code provides that the estate must be divided in two moieties one of which must be distributed to the paternal kindred and the other to the maternal kindred. Based on this premise, the State argues that since there was no kindred on the paternal side, there was no one left to take this one-half of the estate. Therefore, the State contends that this one-half of the estate should be treated as abandoned property and should escheat under the provisions of Article 3272, supra, which provides that where a person dies intestate "having no heirs" his estate shall escheat and vest in the State.

Thus, the question to be determined is: If no paternal kindred can be found, will the paternal "moiety" then go to the maternal kindred or does it escheat to the State? The same question has once before reached the appellate courts of this State. In the case of *Hartely v. Langdon and Co.,* 347 S.W.2d 749, 754–55 (Tex.Civ.App.—Houston 1961, no writ), the court was confronted with a situation where both the paternal and maternal grandparents were deceased and the maternal grandparents left surviving descendants but no surviving descendants of the paternal grandparents were left. The Houston Court of Civil Appeals held that under the last sentence of Section 38(a)(4) the entire estate descended to the maternal heirs and that no part of the estate escheated to the State. While we believe the Hartely case reached the right result, we cannot agree with the court's reliance on the last sentence of Section 38(a)(4) to reach its conclusion that in a situation where both the paternal and maternal grandparents are deceased and there were descendants on the paternal side, the entire decedent's estate will not be divided into moieties, and the "whole [of the] estate of the deceased . . . goes to the nearest lineal ancestors and their descendants . . . ."

A reading of Section 38 of the Probate Code in its entirety clearly shows that it was the purpose of the legislature in passing the descent provision to transfer title to the estate of a decedent in its entirety to his heirs, and to effectuate an equitable and fair distribution of the estate among the heirs. Where none of the kindred specified in Section 38(a)(1–3) survives the decedent and it becomes necessary to distribute the estate to the paternal and maternal kindred, the legislature provided in Section 38(a)(4) that the estate is to be divided into two moieties, one of which would go to the paternal heirs and the other to the maternal heirs.

■ The last sentence in Section 38(a)(4) provides that: "If there be no surviving grandfather or grandmother, then the whole of such estate shall go to their descendants, and so on without end, passing in like manner to the nearest lineal ancestors and their descendants." The phrase "their descendants" has reference to the descendants of the paternal grandparents and the descendants of the maternal grandparents each as separate groups and not collectively. Since the first sentence of Section 38(a)(4) directs that the estate be divided into two moieties, one of which will go to the paternal kindred and the other to the maternal kindred, the remainder of Section 38(a)(4) explains the disposition of the estate *after* it has already been divided into two moieties. It follows, therefore, that the term "the whole of such estate" found in the last sentence refers to one moiety, and refers to either the moiety destined to go to the paternal kindred or the moiety destined to go to the maternal kindred and does not refer to the estate in its entirety. Although the language in the last sentence of Section 38(a)(4) is somewhat confusing and susceptible to an interpretation that the whole estate is to be distributed as an entirety to all descendants surviving on the nearest ascending level, it is now settled that where the estate passes by virtue of the last sentence in Section 38(a)(4) the estate must be divided into two equal moieties, one of which passes to the paternal kindred and the other to the maternal kindred. *Golden v. York,* 410 S.W.2d 181 (Tex. 1966); *McKinney v. Abbott,* 49 Tex. 371 (1878). The two moieties are said to be

"[two] distinct estates, being destined by the law for different objects, having no bond of union except through the intestate." *Jones v. Barnett*, 30 Tex. 637, 642 (1868); See *Witherspoon v. Jernigan*, 97 Tex. 98, 76 S.W. 445, 446 (1903). This brings us to the problem of how a moiety will descend under Section 38(a)(4) in a situation where the decedent leaves surviving kindred on one side (paternal or maternal) but leaves no surviving kindred on the other side. See Bailey, Intestacy in Texas: Some Doubts and Queries, 32 Texas L.Rev. 776 (1954). Although there is no explicit provision in the Probate Code providing for a situation where the decedent leaves kindred on one side (paternal or maternal) but leaves no surviving kindred on the other side, the cardinal rule in construing the Probate Code is to ascertain and give effect to the intent and purpose of the legislature in relation to the subject matter of the legislation. Once the intent is ascertained, the courts will then seek to construe the legislation so as to give effect to the purpose of the legislative intent and not to defeat, nullify or thwart it. See 53 Tex. Jur.2d Statutes, sec. 125, pp. 180–183.

 The legislative purpose in enacting the descent statute was to pass an intestate decedent's estate in its entirety to his descendants. It is clear, we think, that the legislature intended to accomplish such purpose by providing for every conceivable contingency. The legislature could have provided for an escheat in case there were living descendants on only one side, but it did not do so. Although in derogation of the common law, statutes of descent and distribution are to be construed in keeping with their general purpose to effectuate a complete and orderly distribution of the entire estate of the decedent. To adopt the construction urged by the State would be to hold that it was not the intention of the legislature to provide for every contingency in passing the estate on to the intestate decedent's descendants especially where there is a default of the heirs on one side. Where the underlying purpose of the statute is clear, as we think it is here, the courts should not and will not construe it so

as to create a casus omissus, if by any other construction, this result can be avoided. *Rippeth v. Connelly*, 60 Tenn.App. 430, 447 S.W.2d 380 (1969).

The escheat statute, Article 3272, relied on by the State, has no application to the facts here because the statute applies only in situations where a person dies intestate, possessing an estate and "having no heirs."

After considering the underlying purpose of the legislature in providing for the distribution of the estates of decedents and the fact that the legislature failed to provide for an escheat in the Probate Code, we hold that the moiety destined for the paternal heirs descended to the heirs in the maternal line with the result being that the entire estate descended to the thirty-one maternal heirs of the intestate decedent.

Accordingly the judgment is affirmed.