**In the Matter of the ESTATE of James Lawson ALLEN, Deceased.**

No. 51708.

Court of Appeals of Oklahoma, Division 1.

Feb. 5, 1980.

Released for Publication by Order of Court of Appeals March 6, 1980.

Love, Beal & Johnson by Claude E. Love, Oklahoma City, for appellant.

C. Craig Cole and Gary L. Morrissey, Oklahoma City, for appellee.

ROMANG, Judge:

A Texas Father died creating two equal testamentary trusts for his two surviving sons. The trustee was a Missouri commercial trust company. Under his will the trustee was to pay income to the beneficiary with discretion in the trustee to invade the principal where "proper to maintain the health of the beneficiary." At the death of the first of the two sons the trustee was to deliver the trust estate "to those entitled to inherit from  .  .  .  [the beneficiary] under the laws of descent and distribution  .  .  .  ."

When the first son died (Junior) he was intestate and his trust estate was determined to belong to the surviving son, our decedent. This left one testamentary trust favoring the decedent with terms identical to those quoted above. On decedent's death the Executrix, decedent's second wife, filed an inventory which included the trust assets held by the trustee for the decedent under the remaining trust. Contestant, the daughter of decedent by his first marriage, challenged the inclusion in the inventory of these trust assets. The trial judge held that on the death of the decedent, the trust assets should be distributed according to "the laws of descent and distribution  .  .  .  ." He further held these laws were the laws of the State of Texas, which a Texas will by a Texas domiciliary would be referring to.

The Executrix argues on appeal that the trust assets should be distributed according to decedent's will (in which case she received all the assets as sole legatee-devisee). The Contestant's view is that the "laws of descent and distribution" mean the laws of

intestacy and constitute the rules for distribution of the remainder under the Father's will (i. e. the Texas will) and thus form no part of the inventory for the probate of decedent's will.

The trust assets consist of cash, one-half of certain Texas minerals and one-half of certain Oklahoma minerals.

The initial question involves a straightforward issue of interpretation of the language in the Texas will. We believe the clear meaning is that the assets are to be distributed according to the descent and distribution scheme of Texas law. Consequently, the assets at no time became part of decedent's estate unless this result obtains under Texas law.

The Executrix ingeniously argues that under V.A.T.S. Probate Code § 37 distribution by will is a part of Texas' scheme of descent and distribution. The argument is that the Texas chapter entitled "Descent and Distribution" begins with § 37 which provides, in part:

"[w]hen a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will, and all powers of appointment granted in such will, shall vest immediately in the devisees or legatees of such estate and the donees of such powers; and all the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law . . . ."

From the fact this section serves to vest title in devisees or legatees immediately if there is a will, we are urged to conclude that the will's reference to "laws of descent and distribution" includes distribution by will. Such an argument strains the meaning of the will and Texas statute beyond reason.

The Texas Probate Code is divided into 15 chapters. The first four are entitled:

1. General Provisions
2. Descent and Distribution
3. Determination of Heirship
4. Execution and Revocation of Wills.

Other than the reference in section 37 to the vesting of title under a will, the sections in chapter 2 deal with intestacy. The requisites of a valid will are described in chapter 4. Furthermore, although not dispositive, *Parrish v. Mills*, 101 Tex. 276, 106 S.W. 882 (1908), held that descent referred to the title acquired by an heir at law and *State v. Estate of Loomis*, 553 S.W.2d 166 (Tex.Civ. App.1977), noted the similarity of purpose in Texas law on descent and distribution and the common law on intestacy. These authorities strongly reinforce the common understanding of the meaning of those terms. See also Ballentine's Law Dictionary (3rd Ed. 1969) under "Descent" and "Distribution."

Consequently, we hold that the meaning of the Texas will is that the assets of the trust of which decedent was a beneficiary should be distributed according to intestate rules of descent and distribution. Reaching this conclusion ends this action and decision for our result means the assets do not belong in the inventory. The important question as to which state's law of intestacy applies and what probate court has jurisdiction are not properly in this action. The decision appealed from was a decision by the trial court that these assets form no part of the estate. With this we concur. Additional discussion would be an advisory opinion and improper for Oklahoma courts.

AFFIRMED.

REYNOLDS, P. J., and BOX, J., concur.