**Marion B. KIRKPATRICK, Appellant,**

v.

**ESTATE OF Floyd F. KANE, Deceased, and Unknown Heirs and Those Suffering Legal Disabilities, Appellees.**

No. 3–87–140–CV.

Court of Appeals of Texas, Austin.

Jan. 13, 1988.

Rehearing Denied Feb. 3, 1988.

Marvin D. Shwiff, Austin, for appellant.

Michael Curry, Bragg, Smithers & Curry, Austin, appellate attorney ad litem.

John Migl, Austin, attorney ad litem.

Edsam M. Ingram, Austin, for Administratrix.

Jim Mattox, Atty. Gen., Jerry Benedict, Asst. Atty. Gen., Austin, for State Treasurer.

Before SHANNON, C.J., and GAMMAGE and CAROL, JJ.

CARROLL, Justice.

Appellant Marion B. Kirkpatrick appeals from the trial court's determination of heirship in the estate of Floyd F. Kane. That court concluded that appellant was entitled to half of Kane's estate, while appellant contends that she is entitled to the entire estate. We agree with appellant and reverse and render judgment in her favor.

## BACKGROUND

The parties agree on the facts. Floyd Kane died intestate on January 1, 1985. Appellant Kirkpatrick is his first cousin. (Kirkpatrick's father was Kane's mother's brother.) The trial court found that appellant was Kane's only known living relative and concluded as a matter of law that, under the intestate succession statute, appellant was entitled to a one-half share (called the "maternal moiety") of the decedent's estate. Appellant agrees with this conclusion. However, she disputes the trial court's other conclusion: that the other half of Kane's estate (called the "paternal moiety") should be administered by the estate's administratrix under Tex.Prob.Code Ann. § 427 (Supp.1987). Instead, appellant

claims, the paternal moiety should descend to her as well under Tex.Prob.Code Ann. § 38(a)4 (Supp.1987).

The "appellees" in this case are possible heirs whose names or whereabouts are unknown, or who suffer legal disabilities. Their appointed attorney ad litem contends that the trial court acted properly in applying Section 427 of the Probate Code.

## APPLICABLE LAW

At the heart of this action lies a disagreement over the construction of § 38(a)4 of the Probate Code, which both parties agree covers the heirship at issue here.[1] Though recodified and rewritten, the statute's legal effect has remained essentially unchanged since its original enactment in 1848.

## DISCUSSION

### I. *Construction of § 38(a)4*

Section 38(a)4 directs the trial court to distribute an intestate decedent's estate according to which of his heirs survive him. First, if he is not survived by his parents, siblings or descendants of siblings, children or descendants of children, the court is to divide the estate into two so-called "moieties" (equal shares). One moiety would then pass to his paternal grandparents (or their descendants) in the manner prescribed in the first sentence of subsection 4. The other half would pass to his maternal grandparents (or their descendants). However, if none of the relatives on one side are living, then the second sentence instructs the court to give "the whole of such estate" to the grandparents who are living. If no grandparents survive, then the whole estate passes to their descendants.

The parties disagree on what happens after division into two moieties when there are descendants on *one* side, but none on

the other. Section 38(a)4 does not provide guidance in this situation. Appellees' position is that the surviving maternal descendants would receive only the maternal moiety. The other half would, in effect, escheat to the State, where it would be held in an account until some hypothetical heir—who could not be found in the trial court's diligent search—someday appeared to claim it. If none did so within six months, § 427 of the Probate Code would permit the trial court to pay the amount of the paternal moiety to the State.

Under appellant's view, by contrast, appellant, as Kane's only known living relative, would succeed to the other (paternal) moiety, since no heirs could be found on the paternal side. Both case precedent and scholarly authority impel us toward this view.

*State v. Estate of Loomis,* 553 S.W.2d 166 (Tex.Civ.App.1977, writ ref'd) involved facts almost identical to this case—"a situation where the decedent leaves surviving kindred on one side (paternal or maternal) but leaves no surviving kindred on the other side." *Id.* at 169. The *Loomis* court acknowledged that § 38(a)4 does not explicitly deal with a situation where there are no descendants in one of the two moieties. In deciding how to construe the statute to cover this eventuality, that court was forced to examine the legislative policy underlying the probate code.

In doing so, the court in *Loomis* employed the reasoning found in Bailey, *Intestacy in Texas: Some Doubts and Queries,* 32 Tex.L.Rev. 776 (1954), a thoroughgoing scholarly treatment of such intestacy issues, and we adopt that reasoning here as well. "If no paternal kindred can be found, will the paternal 'moiety' then go to the maternal kindred? ... It may safely be

---

**1.** Section 38(a)4 reads as follows:

"If there be none of the kindred aforesaid, then the inheritance shall be divided into two moieties, one of which shall go to the paternal and the other to the maternal kindred, in the following course: To the grandfather and grandmother in equal portions, but if only one of these be living, then the estate shall be divided into two equal parts, one of which shall go to such survivor, and the other shall go to the descendant or descendants of such deceased grandfather or grandmother. If there be no such descendants, then the whole estate shall be inherited by the surviving grandfather or grandmother. If there be no surviving grandfather or grandmother, then the whole of such estate shall go to their descendants, and so on without end, passing in like manner to the nearest lineal ancestors and their descendants."

presumed that to avoid escheat of the moiety, it would be held to pass to the surviving kindred on the other side." *Id.* at 798, fn. 98.

The *Loomis* court agreed with this analysis, concluding that the Legislature intended to pass an intestate decedent's estate in its entirety to his descendants. To accomplish the Legislature's purpose, *Loomis* held that, instead of passing to the state, the paternal moiety should descend to the heirs of the maternal line. We will do the same in this case.[2]

## II. *Applicability of § 427*

Appellees argue that the *Loomis* court did not consider applying § 427 of the Probate Code to the fact situation there, as the trial court did in this case. We disagree.

First, we note that § 427 was enacted in 1955, and was thus on the books in 1977 when *Loomis* was decided. So the *Loomis* court could certainly have considered it. We presume that it rejected it. Second, *Loomis* did consider applying an analogous statute, former art. 3272, the old escheat statute, and explicitly rejected it because that article—like § 427 in this case—operated only in the absence of descendants entitled to claim the estate. Since the *Loomis* court found that the maternal descendants *were* entitled to the paternal moiety, the facts necessary to trigger art. 3272 were not present. *Loomis,* 553 S.W.2d at 169. Similarly, § 427 directs district courts to pay to the State Treasurer any portions of estates unclaimed by those entitled to claim them. However, since we have just held that appellant *is* entitled to claim the entire estate, and she has done so, there is nothing left unclaimed, and so § 427 does not apply; the facts that would trigger it are not present.

## CONCLUSION

We hold that the trial court's judgment declaring heirship was erroneous in that it

ordered the paternal moiety to be administered by the administratrix of Kane's estate. As appellant's first two points of error are sustained, we need not reach the third. That part of the judgment disposing of the paternal moiety is reversed, and we here render judgment that appellant take the entire amount of the paternal moiety.

---

**2.** To help allay some of the confusion surrounding this unfortunately-worded statute, we wish to make it clear that we are relying entirely on the *Loomis* legislative policy argument in our construction of the statute. It would be tempting to view the words "the whole estate" and "the whole of such estate" as applying not to the

whole of each moiety, but instead to the whole estate *before* division into moieties. This reasoning would produce the same result here as the path we did choose, but that approach has been rejected in *Golden v. York,* 410 S.W.2d 181 (Tex.1966) and *McKinney v. Abbott,* 49 Tex. 371 (1878).